# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/01/2022 12:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton Deputy Clerk
Case 2:22-cv-02551-FLA-E   Document 1-1   Filed 04/15/22   Page 2 of 92   Page ID #:17
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephen Goorvitch

JOSHUA COHEN SLATKIN (SBN 285090)
RUBEN O. CONTRERAS (SBN 338464)
**LAW OFFICE OF JOSHUA COHEN SLATKIN**
11620 Wilshire Blvd., Suite 900
Los Angeles, California 90025
Telephone: 310-627-2699
Facsimile:  310-943-2757
Josh@calegalhelp.com
Ruben@calegalhelp.com

Attorneys for Plaintiff,
Ricky Montes

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RICKY MONTES, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY; NICOLE BARKER; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 22STCV07354<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND PENALTIES**<br><br>1. **DISCRIMINATION BASED UPON PHYSICAL DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940**, *et. seq.*<br><br>2. **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT – GOVERNMENT CODE SECTIONS 12945.2, et. seq.;**<br><br>3. **HARASSMENT BASED UPON PHYSICAL DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940**, *et. seq.*<br><br>4. **FAILURE TO ACCOMMODATE PHYSICAL DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940**, *et. seq.*<br><br>5. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940**, *et. seq.* |

6. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940,** *et. seq.*

7. **RETALIATION IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940,** *et. seq.*

8. **RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §1102.5**

9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

   **[DEMAND FOR JURY TRIAL]**

Plaintiff Ricky Montes (hereinafter "Plaintiff") hereby alleges the following on knowledge as to himself and his respective known acts, and on information and belief as to all other matters:

## I.

## PARTIES

1.      At all times mentioned herein, Plaintiff was an individual employed by State Farm Mutual Automobile Insurance Company and State Farm General Insurance Company; (hereinafter collectively referred to as "Defendant").  Plaintiff performed work for the Defendant.  The unlawful conduct alleged herein occurred in and around Los Angeles County.

2.      At all times mentioned herein, Defendant was a corporation conducting business throughout California, with its principal place of business in southern California.

3.      At nearly all times mentioned herein, Defendant Nicole Barker (hereinafter referred to as "Barker") was Plaintiff's direct supervisor and a resident of and/or performed work within Los Angeles County.

4.      At all times mentioned herein, Defendant was an employer of Plaintiff as such term is defined by California Government Code section 12926(d), that each regularly employed five (5) or more persons.

5.      At all times mentioned herein, each of the defendants named in the caption and each DOE defendant was an agent, employee and/or partner of the remaining defendants, including the DOE defendants, and, in doing these things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-defendants.

6.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said defendants when the same has been ascertained.  Each of the fictitiously named defendants are individually and/or jointly liable in some manner for the acts complained of herein.  Unless otherwise stated, all references to named defendants shall include DOE defendants as well and Plaintiff will amend this complaint to show their true names and capacities after they are ascertained.

1

7. Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, acted as an agent of, acted within the course and scope of employment for, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

8. Plaintiff is informed and believes that, except as otherwise alleged herein, each Defendant is, and at all times relevant to this Complaint are, the agent, joint employer, partner, constitute an integrated enterprise, joint venturer, alter ego, affiliate, and/or co-conspirator with or of each of the other Defendants and/or otherwise acted on the behalf of each other Defendant and/or are otherwise legally responsible for the actions of each other Defendant.

## II.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Los Angeles County and all of the defendants were and/or are residents of Los Angeles County or are doing or did business in Los Angeles County, at all times relevant herein.

10. The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

## III.

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendant as an automobile field appraiser/auto damage estimator from 2006 until he was terminated on June 24, 2021.

12. On or about late December 2019/early January 2020, Plaintiff joined Barker's estimatics team where he conducted auto damage estimates and vehicle appraisals by visually and physically inspecting property damage claims on behalf of Defendant in and around Los Angeles and Los Angeles County.

13. On March 3, 2020, Plaintiff suffered severe back pain which limited major life activities which include, without limitation lifting, sitting, bending, kneeling, crawling and carrying.

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

14. Plaintiff was required to drive in a van for extended periods of time in order to perform in-person vehicle inspections for property damage estimates.

15. Plaintiff was unable to drive in a vehicle for extended periods of time and/or perform in-person vehicle estimates due to his medical condition which limited major life activities.

16. Therefore, that same day, on March 3, 2020, Plaintiff requests time off due to his medical condition (i.e. his back pain) so he can obtain medical treatment for his physical condition and resulting limitations.

17. Plaintiff's request for time off on March 3, 2020 due to his medical condition was denied by Barker.

18. On March 3, 2020, Barker provided Plaintiff with particular performance deficiencies.

19. Plaintiff's back injury and physical condition on short notice prevented him from performing his job duties as an auto field appraiser.

20. Barker was Plaintiff's supervisor.

21. On March 4, 2020, Plaintiff files for short term disability with a scheduled return to work date of April 13, 2020 and went on a medical leave of absence around this time.

22. Barker did nothing to facilitate Plaintiff's medical condition and/or medical leave of absence and Barker denied his medical leave.

23. Plaintiff was required to have another supervisor provide his requested time off.

24. On March 4, 2020, Plaintiff went to the emergency room due to his chronic back pain where he was diagnosed with sciatica and a pinched nerve in his back.

25. Plaintiff had chronic back pain which progressively got worse since approximately 2010.

26. On April 1, 2020, a federal medical leave act/California family rights act claim was opened for Plaintiff and approved from March 4, 2020 through April 21, 2020.

27. Around this April 2020 time frame, due the COVID-19 pandemic, vehicle inspections and appraisals were being performed virtually and without the need for auto field appraisers like Plaintiff to be out in the field and commuting for extended periods of time to physically take pictures of damaged vehicles and provide in-person estimates.

3

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

28.     It is believed that as of the date of filing the instant complaint, the vast majority of vehicle estimates are still being performed virtually and/or that virtual teams are being used and without the need for vehicle appraisers like Plaintiff to physically inspect vehicles to perform damage estimates.

29.     On or about April 2020, Plaintiff files a workers' compensation claim for his back injuries, related body parts and other ailments.

30.     When Plaintiff was off work due to his medical leave arising from his physical condition, Barker continually contacted Plaintiff by phone and with an aggressive tone and demeanor, requests that he complete the incident/accident report form for his workers' compensation claim.

31.     Plaintiff responded to Barker that his workers' compensation attorney would be handling the required workers' compensation paperwork.

32.     In or around May/June 2020, Defendant released a realignment chart for the estimatics/auto field appraiser's due to the COVID-19 pandemic.

33.     Around this time, Plaintiff is on Kurt Lumpkin's team due to the realignment and no longer on Barker's team.

34.     Plaintiff was not provided reasonable workplace accommodations by Barker or anyone else working with Defendant to perform the essential job functions of his job.

35.     One of those accommodations could have been to work and perform vehicle estimates virtually.

36.     Plaintiff could have performed his essential job functions as an auto field appraiser virtually or with other reasonable workplace accommodations such as light duty work, or a smaller territory to commute, had he been given the opportunity in the 2020-2021 timeframe.

37.     Barker did not provide Plaintiff with the opportunity to perform his field appraiser job duties virtually or with other reasonable workplace accommodations.

38.     However, Plaintiff was at some point transferred back to Barker's team prior to his termination and Barker continued to harass Plaintiff based on his medical condition, work restrictions and need for reasonable workplace accommodations in the 2020 timeframe up through the time of his termination.

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

39.    Defendant and Barker believed that Plaintiff was malingering and faking his injury, physical condition and need for workplace accommodations due to Barker's disciplinary action in March 2020.

40.    On or about January 20, 2021 and January 22, 2021, Defendant's human resources investigator contacted Plaintiff to address various allegations of discrimination and conflicts of interest relating, in part, to Barker.

41.    Plaintiff was identified as a witness relating to Barker's alleged conflicts of interest and discrimination.

42.    Plaintiff informed the HR investigator around this time that he would be filing a complaint against Barker for her denial of his request for time off due to his medical condition and Barker's harassment of him due to his medical condition and requested workplace accommodations.

43.    On or about May 17, 2021, Barker sent Plaintiff a letter to review his current medical leave of absence and indicated that he must return to work by May 19, 2021 otherwise he would be subject to disciplinary action up to and including termination of his employment with the Defendant.

44.    Plaintiff was not medically cleared to return to work with the Defendant in the May 2021 timeframe by the workers' compensation doctors and/or treating medical providers.

45.    Plaintiff advised Barker that he intends to return to work with Defendant but is not certain when he can return because he has not been medically cleared to return to work at that time.

46.    Barker requested that Plaintiff provide her with a return-to-work date on or before June 4, 2021.

47.    Plaintiff was willing and able to work with and/or without reasonable workplace accommodations in this timeframe.

48.    On June 4, 2021, Plaintiff informs Barker that he does not have a return-to-work date yet as he will not have a medical evaluation with his work restrictions until later in the month on June 23, 2021 and has not been medically cleared to return to work with a specific return to work date as of June 4, 2021.

49. On June 10, 2021, Barker emails Plaintiff that since April 22, 2020, Plaintiff has been on an unsupported medical leave which far exceeded the typical 26 weeks available for an approved short term disability claim.

50. Barker did not attempt to provide a reasonable work place accommodation of a continued medical leave of absence beyond June 2021 which Defendant could have done without imposing any undue hardship on Defendant.

51. Defendant's failure to provide a continued medical leave of absence as a form of reasonable workplace accommodation is further evidence of Barker's harassment toward Plaintiff.

52. Barker indicated to Plaintiff around this June 10, 2021 timeframe that his medical leave of absence was unreasonable and cannot be supported.

53. Plaintiff informed Barker that his work restrictions and medical leave of absence was under review with his workers' compensation case and that he would provide a return-to-work date as soon as he had one.

54. On June 16, 2021, Barker emailed her supervisor, John Hubert ("Hubert") indicating that Plaintiff should be terminated for his job requirements not being "met" due to him being on a medical leave of absence due to his work restrictions, medical condition and need for reasonable workplace accommodations.

55. Barker recommended termination from Hubert which Hubert approved.

56. On June 23, 2021, the agreed medical evaluator ("AME") from the workers' compensation system, Peter Newton, evaluated Plaintiff and diagnosed Plaintiff with chronic low back pain with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1 and indicated that he reached maximum medical improvement with a whole person impairment of 13% and had work restrictions of limited forward bending and twisting to 1-2 hours per day.

57. This AME report was signed on or about July 8, 2021.

58. Plaintiff was involuntarily terminated on June 24, 2021.

59. Defendant's failure to accommodate Plaintiff's work restrictions and his termination were due to his medical conditions/disabilities, harassment toward him by Barker and need for workplace

accommodations which reflects a policy, pattern and practice by Defendant to terminate older employees and/or those with medical conditions/disabilities including those who need workplace accommodations for said medical conditions/disabilities.

60.     Defendant's actions toward Plaintiff reflect a continuous course of discriminatory conduct toward him and other Defendant's employees.

61.     The reason given for Plaintiff's termination was a pretext for the discriminatory motives of terminating Plaintiff for his work restrictions, workplace accommodations and medical condition.

62.     Substantial motivating reasons for Plaintiff's termination were due to his medical conditions, harassment by Barker and resulting disabilities and request for medical leave and reasonable workplace accommodations for his medical conditions/disabilities.

63.     Barker engaged in harassment toward Plaintiff due to his medical condition and requests for reasonable workplace accommodations.

64.     Barker, as a result of and motivated by Plaintiff's physical injury/disability and requests for workplace accommodations after March 3, 2020, created a hostile workplace environment which affected the social interactions between Barker and Plaintiff as Barker engaged in the following types of conduct toward Montes:

    a.   Barker made demeaning comments toward Plaintiff;

    b.   Barker engaged in disparate treatment toward Plaintiff;

    c.   Barker threatened Plaintiff with termination on several occasions;

    d.   Barker belittled Plaintiff in the presence of other staff members;

    e.   Barker unjustifiably reprimanded and instituted disciplinary action toward Plaintiff;

    f.   Barker's behavior toward Plaintiff occurred on a consistent basis and therefore created a hostile work environment;

    g.   Barker would raise her voice at Plaintiff in an attempt to intimidate him, after he made requested reasonable workplace accommodations in March 2020 due to his physical disability/medical condition;

h.   The social environment in the workplace became intolerable because of the verbal harassment which communicated an offensive message to Plaintiff;

i.   There was a change in the working conditions initiated by Barker with the purpose of harassing Plaintiff due to his disability and need for workplace accommodations;

j.   Barker refused to accommodate Plaintiff to enable him to perform his essential job duties virtually or with other reasonable workplace accommodations, such as light duty, working virtually and extending his medical leave, which Defendant could have accommodated without imposing an undue hardship;

k.   Barker was attempting to force Plaintiff to provide her with a return-to-work date before he was evaluated through an AME and before he was medically cleared by any doctors which Plaintiff conveyed to Barker;

l.   Barker refused to accommodate Plaintiff by terminating him while he was on a medical leave and by not extending his medical leave;

m.   Barker further harassed Plaintiff by when he was transferred back to Barker's team from Kurt Lumpkin's team and then subsequently terminated.

65.   Barker's conduct toward Plaintiff was outside the scope of necessary job performance and presumably engaged in for personal gratification, because of meanness or bigotry or for other personal motives.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

66.   Prior to the initiation of this lawsuit, Plaintiff filed both a complaint and an amended complaint against each named defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to section 12900, *et seq.*, of the California Government Code, alleging the claims described in this complaint.  On February 23, 2022, the DFEH issued a "right to sue" letter.  A true and correct copy of the "right to sue" letter is attached hereto as **Exhibit 1**.  All conditions precedent to the institution of this lawsuit have been fulfilled.  This action is filed within one year of the date that the DFEH issued its right to sue letter.

**V.**

**FIRST CAUSE OF ACTION**

**(Discrimination Based Upon Physical Disability in Violation of FEHA)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

67.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

68.     Defendant discriminated against Plaintiff on the basis of his physical disabilities in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs.

69.     As a proximate result of the conduct of Defendant, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

70.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

71.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

72.     The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

9

**VI.**

**SECOND CAUSE OF ACTION**

**(Violation of The California Family Rights Act - Government Code Sections 12945.2, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

73.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as though fully set forth herein.

74.     At all times herein mentioned, FEHA, Government Code §§12900-12996, was in full force and effect and was binding on Defendant.  This included Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act ("CFRA").  CFRA requires that Defendant refrain from discriminating or retaliating against any employee on the basis of that employee's need to take leave to tend to his or her own serious medical condition or having taken such leave (see Government Code §§12945.2 (a) and (l)).

75.     Plaintiff suffered from, without limitation, sciatica along with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1, which Defendant was made aware of by Plaintiff and/or his treating physician.

76.     Plaintiff took leave time to tend to such serious medical conditions and required accommodations.

77.     The leave and need for accommodations that Plaintiff took to tend to his serious medical conditions was a substantial motivating factor in Defendant's decision to terminate him.

78.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

79.     CFRA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

80.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

81.     The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## VII.

### THIRD CAUSE OF ACTION

**(Harassment Based upon Physical Disability in Violation of FEHA – Government Code Sections 12940, et. seq. on behalf of Plaintiff against Defendant Nicole Barker and DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and Does 1-25 inclusive)**

82.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as though fully set forth herein.

83.      California Government Code section 12940(j)(1) makes it illegal for an employer or any person to harass an employee because of his or her physical disability.

84.     During the course of Plaintiff's employment with Defendant, Defendant engaged in a pattern of continuous and pervasive harassment of Plaintiff based on his physical disability, which acts included, but were not limited to, those alleged in the preceding paragraphs.

85.     At all times relevant to this Complaint, Barker was a "supervisor" within the meaning of California Government Code section 12926(r) because she had the authority, in the interest of Defendant, "to hire, transfer, suspend, lay-off, recall, promote, discharge, assign, reward, or discipline other

employees, or the responsibility to direct them, or to adjust their grievances, or to effectively recommend that action," and in connection with the foregoing was required to use independent judgment.  Because Barker was a supervisor as defined by FEHA, Defendant is strictly liable for her acts of harassment.

86.    As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.   Plaintiff also suffered and continues to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

87.    In committing the foregoing acts, Defendant has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of the foregoing defendants.

88.    The acts of oppression, fraud, and/or malice were engaged in by employees and/or agents of the Defendant. Defendant had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice.   The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of Barker and/or Hubert, an officer, director, or managing agent of Defendant, thereby entitling Plaintiff to punitive and exemplary damages against the Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example of each defendant.

89.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and continues to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

90.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

91.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

**XIII.**

**FOURTH CAUSE OF ACTION**

**(Failure to Accommodate Physical Disability in Violation of FEHA - Government Code Section 12940, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

92.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

93.     At times relevant to this lawsuit, Plaintiff was an employee of Defendant with certain disabilities, including, without limitation, those related to his sciatica along with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1,, which are disabilities that are protected under FEHA.

94.     California Government Code section 12940(m) makes it unlawful "[f]or an employer or other entity…to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

95.     As set forth in the preceding paragraphs, Plaintiff sought reasonable accommodations, including, without limitation, request for a medical leave and accommodations to tend to his sciatica along with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1, but rather than accommodating him, Defendant terminated him based, in part, on his disabilities.

96.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including

nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

97.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

98.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

99.    The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## IX.

## FIFTH CAUSE OF ACTION

**(Failure to Engage in the Interactive Process in Violation of FEHA - Government Code Section 12940, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

100.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

101.    California Government Code section 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

102.    California Government Code section 12926.1(e) states "The Legislature affirms the importance of the interactive practice between the applicant or employee and the employer in determining a reasonable accommodation, as the requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

103.    As set forth in the preceding paragraphs, Plaintiff repeatedly informed Defendant of his disabilities and requested accommodations, but instead of engaging in a timely good faith process with him to determine effective reasonable accommodations as required by California Government Code sections 12940(n) and 12926.1(e), Defendant terminated him based, in part, on his disabilities.  Had Defendant engaged in a timely good faith interactive process, there were available reasonable accommodations which would have accommodated Plaintiff's disabilities and allowed him to continue to work with Defendant.

104.    As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

105.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

106.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

107.    The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendant, in an amount to be determined at time of trial and/or arbitration.

# X.

## SIXTH CAUSE OF ACTION

**(Failure to Prevent Discrimination and Harassment in Violation of FEHA - Government Code Section 12940, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

108.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

109.    California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring."   Defendant violated this provision by failing to prevent discrimination and harassment against Plaintiff, including the discrimination and harassment described in the preceding paragraphs.

110.    As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

111.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

112.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

113.    The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights,

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

**XI.**

**SEVENTH CAUSE OF ACTION**

**(Retaliation in Violation of FEHA - Government Code Section 12940, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

114.   Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

115.   Defendant retaliated against Plaintiff for seeking accommodations for his disabilities, in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs of this Complaint.

116.   As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

117.   FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

118.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

119.   The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights,

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

**XII.**

**EIGHTH CAUSE OF ACTION**

**(RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §1102.5)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

120. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

121. At all times herein relevant, Plaintiff was employed by Defendant, and/or DOES 1 -100, and each of them.

122. At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff was protected by California state law from retaliation based on, or motivated by, his opposition to practices in violation of the California Labor Code.

123. California Labor Code § 1102.5(b) expressly prohibits employers from taking retaliatory actions against an employee who discloses information to a government agency, and states that "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." California Labor Code § 1102.5 et seq. was expanded by Governor Gerry Brown such that a Plaintiff need only allege complaints internally and not necessarily to an outside government agency to enjoy the protections of the California Labor Code § 1102.5 et. Seq. preventing retaliation.

124. Here, Plaintiff engaged in activity protected by section 1102.5, including, without limitation, indicating to Defendant's human resources representative that he will be filing a complaint against Barker prior to his termination.

125.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

126.     In committing the foregoing acts, Defendants have been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of the foregoing defendants.

127.     The acts of oppression, fraud, and/or malice were engaged in by employees and/or agents of Defendants.  Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice.

128.     The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of Barker and Hubert, an officer, director, or managing agent of Defendant, thereby entitling Plaintiff to punitive and exemplary damages against Defendant in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example of each defendant.

129.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

130.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights,

welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## XIII.

## NINTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)

131.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

132.    Defendant terminated Plaintiff's employment on or about June 24, 2021 in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including, but not limited to, FEHA and Const. Art. I section 8 and Cal. Civil Code sections 51 et seq. and 52 et seq.

133.    Plaintiff is informed and believes, and thereon alleges that Plaintiff's termination was unlawful and in violation of the FEHA. Said law prohibits discrimination against, and/or denial of privileges, accommodations, or services based on their race, age, disability or medical condition.

134.    The discriminatory actions taken by Defendant as described in the preceding paragraphs and allegations were violations of the FEHA Defendant denied and/or aided in the denial of full and equal rights, privileges, accommodations, advantages, facilities and/or services to Plaintiff because of his disabilities, age and/or medical condition(s).

135.    A substantial motivating reason for Defendant's conduct was Defendant's knowledge and/or perception of Plaintiff's physical disabilities, age and/or medical condition(s).

136.    As described in the above-mentioned allegations, Defendant discriminated against Plaintiff because of his disabilities, age and/or medical condition(s).

137.    Plaintiff is informed and believes, and thereon alleges that Defendant's termination of Plaintiff's employment violates the public policy encouraging employees to assert and protect their statutory and their constitutional rights under the United States and the State of California Constitutions. The public policies violated by defendants are firmly established, fundamental, substantial and affect a duty benefiting the general public.

138.    As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

139.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

140.    The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.


## XIV.

## PRAYER FOR RELIEF

1.    For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.    For special damages, according to proof on each cause of action for which such damages are available according to proof.

3.    For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.    For prejudgment interest and post-judgment interest according to law.

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

5.      For reasonable attorneys' fees incurred in this action pursuant to FEHA, California Labor Code §§ 1194, 1102.5  and California Code of Civil Procedure § 1021.5.

6.      For costs of suit incurred in this action.

7.      For legal fees, costs and expert witness fees pursuant to FEHA.

8.      For punitive damages, according to proof, on each cause of action for which such damages are available.

9.      For injunctive relief, according to proof on each cause of action for which such damages are available.

10.      For declaratory relief, according to proof on each cause of action for which such damages are available.

11.      For such other and further relief and the Court deems proper and just.


Dated: March 1, 2022          LAW OFFICE OF JOSHUA COHEN SLATKIN


*Joshua Cohen Slatkin*
Joshua Cohen Slatkin
Attorney for Plaintiff,
Ricky Montes

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages and Restitution.


Dated: March 1, 2022                    By *Joshua Cohen Slatkin*

Joshua Cohen Slatkin
Attorney for Plaintiff, Ricky Montes

COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 23, 2022

Ricky Montes
11620 Wilshire Blvd, Suite 900
Los Angeles, CA 90025

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 202202-16217923
     Right to Sue: Montes / State Farm Mutual Automobile Insurance Company et al.

Dear Ricky Montes:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 23, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Electronically FILED by Superior Court of California, County of Los Angeles on 03/01/2022 12:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
22STCV07354

Case 2:22-cv-02551-FLA-E   Document 1-1   Filed 04/15/22   Page 30 of 92   Page ID #:45

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY; NICOLE BARKER; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICKY MONTES, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**22STCV07354** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua Cohen Slatkin, 11620 Wilshire Blvd., Suite 900, Los Angeles, CA, (310) 627-2699

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | March 1, 2022<br>03/01/2022 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* | R. Clifton | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Electronically Received 03/04/2022 12:30 PM

1  JOSHUA COHEN SLATKIN (SBN 285090)
2  RUBEN O. CONTRERAS (SBN 338464)
   **LAW OFFICE OF JOSHUA COHEN SLATKIN**
3  11620 Wilshire Blvd., Suite 900
   Los Angeles, California 90025
   Telephone: 310-627-2699
4  Facsimile: 310-943-2757
5  Josh@calegalhelp.com
   Ruben@calegalhelp.com
6  Attorneys for Plaintiff,
7  Ricky Montes

**FILED**
Superior Court of California
County of Los Angeles

**03/04/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ J. Lara _____ Deputy

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF LOS ANGELES

10  RICKY MONTES, an individual,          Case No. 22STCV07354

11         Plaintiff,                     **FIRST AMENDED COMPLAINT FOR
                                          DAMAGES, RESTITUTION, INJUNCTIVE
12         vs.                            RELIEF AND PENALTIES**

13  STATE FARM MUTUAL AUTOMOBILE          1.  **DISCRIMINATION BASED UPON
    INSURANCE COMPANY; STATE FARM             PHYSICAL DISABILITY IN
14  GENERAL INSURANCE COMPANY;               VIOLATION OF FEHA –
    NICOLE BARKER; and DOES 1 through 25,     GOVERNMENT CODE SECTIONS
15  inclusive,                               12940,** *et. seq.*

16         Defendants.                    2.  **VIOLATION OF THE CALIFORNIA
                                              FAMILY RIGHTS ACT –
17                                            GOVERNMENT CODE SECTIONS
                                              12945.2, et. seq.;**
18
                                          3.  **HARASSMENT BASED UPON
19                                            PHYSICAL DISABILITY IN
                                              VIOLATION OF FEHA –
20                                            GOVERNMENT CODE SECTIONS
                                              12940,** *et. seq.*
21
                                          4.  **FAILURE TO ACCOMMODATE
22                                            PHYSICAL DISABILITY IN
                                              VIOLATION OF FEHA –
23                                            GOVERNMENT CODE SECTIONS
                                              12940,** *et. seq.*
24
                                          5.  **FAILURE TO ENGAGE IN THE
25                                            INTERACTIVE PROCESS IN
                                              VIOLATION OF FEHA –
26                                            GOVERNMENT CODE SECTIONS
                                              12940,** *et. seq.*
27

28

_____
FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND PENALTIES

6. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940,** *et. seq.*

7. **RETALIATION IN VIOLATION OF FEHA – GOVERNMENT CODE SECTIONS 12940,** *et. seq.*

8. **RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §1102.5**

9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**[DEMAND FOR JURY TRIAL]**

Plaintiff Ricky Montes (hereinafter "Plaintiff") hereby alleges the following on knowledge as to himself and his respective known acts, and on information and belief as to all other matters:

## I.

## <u>PARTIES</u>

1. At all times mentioned herein, Plaintiff was an individual employed by State Farm Mutual Automobile Insurance Company and State Farm General Insurance Company; (hereinafter collectively referred to as "Defendant").  Plaintiff performed work for the Defendant.  The unlawful conduct alleged herein occurred in and around Los Angeles County.

2. At all times mentioned herein, Defendant was a corporation conducting business throughout California, with its principal place of business in southern California.

3. At nearly all times mentioned herein, Defendant Nicole Barker (hereinafter referred to as "Barker") was Plaintiff's direct supervisor and a resident of and/or performed work within Los Angeles County.

4. At all times mentioned herein, Defendant was an employer of Plaintiff as such term is defined by California Government Code section 12926(d), that each regularly employed five (5) or more persons.

5. At all times mentioned herein, each of the defendants named in the caption and each DOE defendant was an agent, employee and/or partner of the remaining defendants, including the DOE defendants, and, in doing these things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-defendants.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said defendants when the same has been ascertained.  Each of the fictitiously named defendants are individually and/or jointly liable in some manner for the acts complained of herein.  Unless otherwise stated, all references to named defendants shall include DOE defendants as well and Plaintiff will amend this complaint to show their true names and capacities after they are ascertained.

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

7.      Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, acted as an agent of, acted within the course and scope of employment for, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

8.      Plaintiff is informed and believes that, except as otherwise alleged herein, each Defendant is, and at all times relevant to this Complaint are, the agent, joint employer, partner, constitute an integrated enterprise, joint venturer, alter ego, affiliate, and/or co-conspirator with or of each of the other Defendants and/or otherwise acted on the behalf of each other Defendant and/or are otherwise legally responsible for the actions of each other Defendant.

## II.

## JURISDICTION AND VENUE

9.      Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Los Angeles County and all of the defendants were and/or are residents of Los Angeles County or are doing or did business in Los Angeles County, at all times relevant herein.

10.     The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

## III.

## FACTUAL ALLEGATIONS

11.     Plaintiff worked for Defendant as an automobile field appraiser/auto damage estimator from 2006 until he was terminated on June 24, 2021.

12.     On or about late December 2019/early January 2020, Plaintiff joined Barker's estimatics team where he conducted auto damage estimates and vehicle appraisals by visually and physically inspecting property damage claims on behalf of Defendant in and around Los Angeles and Los Angeles County.

13.     On March 3, 2020, Plaintiff suffered severe back pain which limited major life activities which include, without limitation lifting, sitting, bending, kneeling, crawling and carrying.

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

14.     Plaintiff was required to drive in a van for extended periods of time in order to perform in-person vehicle inspections for property damage estimates.

15.     Plaintiff was unable to drive in a vehicle for extended periods of time and/or perform in-person vehicle estimates due to his medical condition which limited major life activities.

16.     Therefore, that same day, on March 3, 2020, Plaintiff requests time off due to his medical condition (i.e. his back pain) so he can obtain medical treatment for his physical condition and resulting limitations.

17.     Plaintiff's request for time off on March 3, 2020 due to his medical condition was denied by Barker.

18.     On March 3, 2020, Barker provided Plaintiff with particular performance deficiencies.

19.     Plaintiff's back injury and physical condition on short notice prevented him from performing his job duties as an auto field appraiser.

20.     Barker was Plaintiff's supervisor.

21.     On March 4, 2020, Plaintiff files for short term disability with a scheduled return to work date of April 13, 2020 and went on a medical leave of absence around this time.

22.     Barker did nothing to facilitate Plaintiff's medical condition and/or medical leave of absence and Barker denied his medical leave.

23.     Plaintiff was required to have another supervisor provide his requested time off.

24.     On March 4, 2020, Plaintiff went to the emergency room due to his chronic back pain where he was diagnosed with sciatica and a pinched nerve in his back.

25.     Plaintiff had chronic back pain which progressively got worse since approximately 2010.

26.     On April 1, 2020, a federal medical leave act/California family rights act claim was opened for Plaintiff and approved from March 4, 2020 through April 21, 2020.

27.     Around this April 2020 time frame, due the COVID-19 pandemic, vehicle inspections and appraisals were being performed virtually and without the need for auto field appraisers like Plaintiff to be out in the field and commuting for extended periods of time to physically take pictures of damaged vehicles and provide in-person estimates.

3

28.     It is believed that as of the date of filing the instant complaint, the vast majority of vehicle estimates are still being performed virtually and/or that virtual teams are being used and without the need for vehicle appraisers like Plaintiff to physically inspect vehicles to perform damage estimates.

29.     On or about April 2020, Plaintiff files a workers' compensation claim for his back injuries, related body parts and other ailments.

30.     When Plaintiff was off work due to his medical leave arising from his physical condition, Barker continually contacted Plaintiff by phone and with an aggressive tone and demeanor, requests that he complete the incident/accident report form for his workers' compensation claim.

31.     Plaintiff responded to Barker that his workers' compensation attorney would be handling the required workers' compensation paperwork.

32.     In or around May/June 2020, Defendant released a realignment chart for the estimatics/auto field appraiser's due to the COVID-19 pandemic.

33.     Around this time, Plaintiff is on Kurt Lumpkin's team due to the realignment and no longer on Barker's team.

34.     Plaintiff was not provided reasonable workplace accommodations by Barker or anyone else working with Defendant to perform the essential job functions of his job.

35.     One of those accommodations could have been to work and perform vehicle estimates virtually.

36.     Plaintiff could have performed his essential job functions as an auto field appraiser virtually or with other reasonable workplace accommodations such as light duty work, or a smaller territory to commute, had he been given the opportunity in the 2020-2021 timeframe.

37.     Barker did not provide Plaintiff with the opportunity to perform his field appraiser job duties virtually or with other reasonable workplace accommodations.

38.     However, Plaintiff was at some point transferred back to Barker's team prior to his termination and Barker continued to harass Plaintiff based on his medical condition, work restrictions and need for reasonable workplace accommodations in the 2020 timeframe up through the time of his termination.

39.     Defendant and Barker believed that Plaintiff was malingering and faking his injury, physical condition and need for workplace accommodations due to Barker's disciplinary action in March 2020.

40.     On or about January 20, 2021 and January 22, 2021, Defendant's human resources investigator contacted Plaintiff to address various allegations of discrimination and conflicts of interest relating, in part, to Barker.

41.     Plaintiff was identified as a witness relating to Barker's alleged conflicts of interest and discrimination.

42.     Plaintiff informed the HR investigator around this time that he would be filing a complaint against Barker for her denial of his request for time off due to his medical condition and Barker's harassment of him due to his medical condition and requested workplace accommodations.

43.     On or about May 17, 2021, Barker sent Plaintiff a letter to review his current medical leave of absence and indicated that he must return to work by May 19, 2021 otherwise he would be subject to disciplinary action up to and including termination of his employment with the Defendant.

44.     Plaintiff was not medically cleared to return to work with the Defendant in the May 2021 timeframe by the workers' compensation doctors and/or treating medical providers.

45.     Plaintiff advised Barker that he intends to return to work with Defendant but is not certain when he can return because he has not been medically cleared to return to work at that time.

46.     Barker requested that Plaintiff provide her with a return-to-work date on or before June 4, 2021.

47.     Plaintiff was willing and able to work with and/or without reasonable workplace accommodations in this timeframe.

48.     On June 4, 2021, Plaintiff informs Barker that he does not have a return-to-work date yet as he will not have a medical evaluation with his work restrictions until later in the month on June 23, 2021 and has not been medically cleared to return to work with a specific return to work date as of June 4, 2021.

49.     On June 10, 2021, Barker emails Plaintiff that since April 22, 2020, Plaintiff has been on an unsupported medical leave which far exceeded the typical 26 weeks available for an approved short term disability claim.

50.     Barker did not attempt to provide a reasonable work place accommodation of a continued medical leave of absence beyond June 2021 which Defendant could have done without imposing any undue hardship on Defendant.

51.     Defendant's failure to provide a continued medical leave of absence as a form of reasonable workplace accommodation is further evidence of Barker's harassment toward Plaintiff.

52.     Barker indicated to Plaintiff around this June 10, 2021 timeframe that his medical leave of absence was unreasonable and cannot be supported.

53.     Plaintiff informed Barker that his work restrictions and medical leave of absence was under review with his workers' compensation case and that he would provide a return-to-work date as soon as he had one.

54.     On June 16, 2021, Barker emailed her supervisor, John Hubert ("Hubert") indicating that Plaintiff should be terminated for his job requirements not being "met" due to him being on a medical leave of absence due to his work restrictions, medical condition and need for reasonable workplace accommodations.

55.     Barker recommended termination from Hubert which Hubert approved.

56.     On June 23, 2021, the agreed medical evaluator ("AME") from the workers' compensation system, Peter Newton, evaluated Plaintiff and diagnosed Plaintiff with chronic low back pain with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1 and indicated that he reached maximum medical improvement with a whole person impairment of 13% and had work restrictions of limited forward bending and twisting to 1-2 hours per day.

57.     This AME report was signed on or about July 8, 2021.

58.     Plaintiff was involuntarily terminated on June 24, 2021.

59.     Defendant's failure to accommodate Plaintiff's work restrictions and his termination were due to his medical conditions/disabilities,  harassment toward him by Barker and need for workplace

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

accommodations which reflects a policy, pattern and practice by Defendant to terminate older employees and/or those with medical conditions/disabilities including those who need workplace accommodations for said medical conditions/disabilities.

60.     Defendant's actions toward Plaintiff reflect a continuous course of discriminatory conduct toward him and other Defendant's employees.

61.     The reason given for Plaintiff's termination was a pretext for the discriminatory motives of terminating Plaintiff for his work restrictions, workplace accommodations and medical condition.

62.     Substantial motivating reasons for Plaintiff's termination were due to his medical conditions, harassment by Barker and resulting disabilities and request for medical leave and reasonable workplace accommodations for his medical conditions/disabilities.

63.     Barker engaged in harassment toward Plaintiff due to his medical condition and requests for reasonable workplace accommodations.

64.     Barker, as a result of and motivated by Plaintiff's physical injury/disability and requests for workplace accommodations after March 3, 2020, created a hostile workplace environment which affected the social interactions between Barker and Plaintiff as Barker engaged in the following types of conduct toward Montes:

    a.   Barker made demeaning comments toward Plaintiff;

    b.   Barker engaged in disparate treatment toward Plaintiff;

    c.   Barker threatened Plaintiff with termination on several occasions;

    d.   Barker belittled Plaintiff in the presence of other staff members;

    e.   Barker unjustifiably reprimanded and instituted disciplinary action toward Plaintiff;

    f.   Barker's behavior toward Plaintiff occurred on a consistent basis and therefore created a hostile work environment;

    g.   Barker would raise her voice at Plaintiff in an attempt to intimidate him, after he made requested reasonable workplace accommodations in March 2020 due to his physical disability/medical condition;

h.  The social environment in the workplace became intolerable because of the verbal harassment which communicated an offensive message to Plaintiff;

i.  There was a change in the working conditions initiated by Barker with the purpose of harassing Plaintiff due to his disability and need for workplace accommodations;

j.  Barker refused to accommodate Plaintiff to enable him to perform his essential job duties virtually or with other reasonable workplace accommodations, such as light duty, working virtually and extending his medical leave, which Defendant could have accommodated without imposing an undue hardship;

k.  Barker was attempting to force Plaintiff to provide her with a return-to-work date before he was evaluated through an AME and before he was medically cleared by any doctors which Plaintiff conveyed to Barker;

l.  Barker refused to accommodate Plaintiff by terminating him while he was on a medical leave and by not extending his medical leave;

m.  Barker further harassed Plaintiff by when he was transferred back to Barker's team from Kurt Lumpkin's team and then subsequently terminated.

65.  Barker's conduct toward Plaintiff was outside the scope of necessary job performance and presumably engaged in for personal gratification, because of meanness or bigotry or for other personal motives.

**IV.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

66.  Prior to the initiation of this lawsuit, Plaintiff filed both a complaint and an amended complaint against each named defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to section 12900, *et seq.*, of the California Government Code, alleging the claims described in this complaint.  On February 23, 2022, the DFEH issued a "right to sue" letter and an amended right to sue letter.  A true and correct copies of Plaintiff's DFEH complaint, amended DFEH compliant, and "right to sue" letters are attached hereto as **Exhibit 1**.  All conditions precedent to the

institution of this lawsuit have been fulfilled.  This action is filed within one year of the date that the DFEH issued its right to sue letter.

**V.**

**FIRST CAUSE OF ACTION**

**(Discrimination Based Upon Physical Disability in Violation of FEHA)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

67.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

68.     Defendant discriminated against Plaintiff on the basis of his physical disabilities in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs.

69.     As a proximate result of the conduct of Defendant, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

70.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

71.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

72.     The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights,

9

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

**VI.**

**SECOND CAUSE OF ACTION**

**(Violation of The California Family Rights Act - Government Code Sections 12945.2, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

73.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as though fully set forth herein.

74.     At all times herein mentioned, FEHA, Government Code §§12900-12996, was in full force and effect and was binding on Defendant.  This included Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act ("CFRA").  CFRA requires that Defendant refrain from discriminating or retaliating against any employee on the basis of that employee's need to take leave to tend to his or her own serious medical condition or having taken such leave (see Government Code §§12945.2 (a) and (l)).

75.     Plaintiff suffered from, without limitation, sciatica along with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1, which Defendant was made aware of by Plaintiff and/or his treating physician.

76.     Plaintiff took leave time to tend to such serious medical conditions and required accommodations.

77.     The leave and need for accommodations that Plaintiff took to tend to his serious medical conditions was a substantial motivating factor in Defendant's decision to terminate him.

78.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including

10

nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

79.     CFRA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

80.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

81.     The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

**VII.**

**THIRD CAUSE OF ACTION**

**(Harassment Based upon Physical Disability in Violation of FEHA – Government Code Sections 12940, et. seq. on behalf of Plaintiff against Defendant Nicole Barker and DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and Does 1-25 inclusive)**

82.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as though fully set forth herein.

83.      California Government Code section 12940(j)(1) makes it illegal for an employer or any person to harass an employee because of his or her physical disability.

84.     During the course of Plaintiff's employment with Defendant, Defendant engaged in a pattern of continuous and pervasive harassment of Plaintiff based on his physical disability, which acts included, but were not limited to, those alleged in the preceding paragraphs.

85.     At all times relevant to this Complaint, Barker was a "supervisor" within the meaning of California Government Code section 12926(r) because she had the authority, in the interest of Defendant, "to hire, transfer, suspend, lay-off, recall, promote, discharge, assign, reward, or discipline other employees, or the responsibility to direct them, or to adjust their grievances, or to effectively recommend that action," and in connection with the foregoing was required to use independent judgment.  Because Barker was a supervisor as defined by FEHA, Defendant is strictly liable for her acts of harassment.

86.     As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff also suffered and continues to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

87.     In committing the foregoing acts, Defendant has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of the foregoing defendants.

88.     The acts of oppression, fraud, and/or malice were engaged in by employees and/or agents of the Defendant. Defendant had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of Barker and/or Hubert, an officer, director, or managing agent of Defendant, thereby entitling Plaintiff to punitive and exemplary damages against the Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example of each defendant.

89.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and continues to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

90.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

91.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

### XIII.

### FOURTH CAUSE OF ACTION

**(Failure to Accommodate Physical Disability in Violation of FEHA - Government Code Section 12940, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

92.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

93.     At times relevant to this lawsuit, Plaintiff was an employee of Defendant with certain disabilities, including, without limitation, those related to his sciatica along with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1,, which are disabilities that are protected under FEHA.

94.     California Government Code section 12940(m) makes it unlawful "[f]or an employer or other entity…to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

95.     As set forth in the preceding paragraphs, Plaintiff sought reasonable accommodations, including, without limitation, request for a medical leave and accommodations to tend to his sciatica along with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1, but rather than accommodating him, Defendant terminated him based, in part, on his disabilities.

96.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according

to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

97.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

98.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

99.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

**IX.**

**FIFTH CAUSE OF ACTION**

**(Failure to Engage in the Interactive Process in Violation of FEHA - Government Code Section 12940, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

100.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

101.     California Government Code section 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request

for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

102.     California Government Code section 12926.1(e) states "The Legislature affirms the importance of the interactive practice between the applicant or employee and the employer in determining a reasonable accommodation, as the requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

103.     As set forth in the preceding paragraphs, Plaintiff repeatedly informed Defendant of his disabilities and requested accommodations, but instead of engaging in a timely good faith process with him to determine effective reasonable accommodations as required by California Government Code sections 12940(n) and 12926.1(e), Defendant terminated him based, in part, on his disabilities.  Had Defendant engaged in a timely good faith interactive process, there were available reasonable accommodations which would have accommodated Plaintiff's disabilities and allowed him to continue to work with Defendant.

104.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

105.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

106.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

107.     The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights,

welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendant, in an amount to be determined at time of trial and/or arbitration.

**X.**

**SIXTH CAUSE OF ACTION**

**(Failure to Prevent Discrimination and Harassment in Violation of FEHA - Government Code Section 12940, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

108.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

109.    California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring."   Defendant violated this provision by failing to prevent discrimination and harassment against Plaintiff, including the discrimination and harassment described in the preceding paragraphs.

110.    As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

111.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

112.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

113.    The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## XI.

## **SEVENTH CAUSE OF ACTION**

**(Retaliation in Violation of FEHA - Government Code Section 12940, et. seq.)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

114.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

115.    Defendant retaliated against Plaintiff for seeking accommodations for his disabilities, in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs of this Complaint.

116.    As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

117.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

118.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

119.    The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

**XII.**

**EIGHTH CAUSE OF ACTION**

**(RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §1102.5)**

**(On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)**

120.    Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth herein.

121.    At all times herein relevant, Plaintiff was employed by Defendant, and/or DOES 1 -100, and each of them.

122.    At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff was protected by California state law from retaliation based on, or motivated by, his opposition to practices in violation of the California Labor Code.

123.    California Labor Code § 1102.5(b) expressly prohibits employers from taking retaliatory actions against an employee who discloses information to a government agency, and states that "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." California Labor Code § 1102.5 et seq. was expanded by Governor Gerry Brown such that a Plaintiff need only allege complaints internally and not necessarily to an outside government agency to enjoy the protections of the California Labor Code § 1102.5 et. Seq. preventing retaliation.

124.    Here, Plaintiff engaged in activity protected by section 1102.5, including, without limitation, indicating to Defendant's human resources representative that he will be filing a complaint against Barker prior to his termination.

125.    As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

126.    In committing the foregoing acts, Defendants have been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of the foregoing defendants.

127.    The acts of oppression, fraud, and/or malice were engaged in by employees and/or agents of Defendants.  Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice.

128.    The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of Barker and Hubert, an officer, director, or managing agent of Defendant, thereby entitling Plaintiff to punitive and exemplary damages against Defendant in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example of each defendant.

129.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

130.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## XIII.

## NINTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (On behalf of Plaintiff against DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY and DOES 1-25 INCLUSIVE)

131.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

132.     Defendant terminated Plaintiff's employment on or about June 24, 2021 in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including, but not limited to, FEHA and Const. Art. I section 8 and Cal. Civil Code sections 51 et seq. and 52 et seq.

133.     Plaintiff is informed and believes, and thereon alleges that Plaintiff's termination was unlawful and in violation of the FEHA. Said law prohibits discrimination against, and/or denial of privileges, accommodations, or services based on their race, age, disability or medical condition.

134.     The discriminatory actions taken by Defendant as described in the preceding paragraphs and allegations were violations of the FEHA Defendant denied and/or aided in the denial of full and equal rights, privileges, accommodations, advantages, facilities and/or services to Plaintiff because of his disabilities, age and/or medical condition(s).

135.     A substantial motivating reason for Defendant's conduct was Defendant's knowledge and/or perception of Plaintiff's physical disabilities, age and/or medical condition(s).

20

136.     As described in the above-mentioned allegations, Defendant discriminated against Plaintiff because of his disabilities, age and/or medical condition(s).

137.     Plaintiff is informed and believes, and thereon alleges that Defendant's termination of Plaintiff's employment violates the public policy encouraging employees to assert and protect their statutory and their constitutional rights under the United States and the State of California Constitutions. The public policies violated by defendants are firmly established, fundamental, substantial and affect a duty benefiting the general public.

138.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

139.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

140.     The aforementioned acts of Defendant, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## XIV.

## PRAYER FOR RELIEF

1.     For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.     For special damages, according to proof on each cause of action for which such damages are available according to proof.

3.     For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

4.      For prejudgment interest and post-judgment interest according to law.

5.      For reasonable attorneys' fees incurred in this action pursuant to FEHA, California Labor Code §§ 1194, 1102.5  and California Code of Civil Procedure § 1021.5.

6.      For costs of suit incurred in this action.

7.      For legal fees, costs and expert witness fees pursuant to FEHA.

8.      For punitive damages, according to proof, on each cause of action for which such damages are available.

9.      For injunctive relief, according to proof on each cause of action for which such damages are available.

10.     For declaratory relief, according to proof on each cause of action for which such damages are available.

11.     For such other and further relief and the Court deems proper and just.


Dated: March 4, 2022                    LAW OFFICE OF JOSHUA COHEN SLATKIN



                                        *Joshua Cohen Slatkin*
                                        Joshua Cohen Slatkin
                                        Attorney for Plaintiff,
                                        Ricky Montes

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages and Restitution.


Dated: March 4, 2022                    By *Joshua Cohen Slatkin*

                                        Joshua Cohen Slatkin
                                        Attorney for Plaintiff,
                                        Ricky Montes

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND PENALTIES

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Joshua Cohen Slatkin
11620 Wilshire Blvd., Suite 900
Los Angeles,  90025

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 202202-16217923
       Right to Sue: Montes / State Farm Mutual Automobile Insurance Company et al.

Dear Joshua Cohen Slatkin:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Ricky Montes                                                          DFEH No. 202202-16217923

                                    Complainant,

vs.

State Farm Mutual Automobile Insurance Company
One State Farm Plaza
Bloomington, IL 61710-0001

Nicole Barker

,

State Farm General Insurance Company
One State Farm Plaza
Bloomington, IL 61710-0001

                                    Respondents
_____

**1.** Respondent **State Farm Mutual Automobile Insurance Company** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Nicole Barker** individual as Co-Respondent(s).
Complainant is naming **State Farm General Insurance Company** business as Co-Respondent(s).

**3**. Complainant **Ricky Montes**, resides in the City of **Los Angeles,** State of **CA.**

**4.** Complainant alleges that on or about **June 24, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), family care or medical leave (cfra).

Date Filed: February 23, 2022
Date Amended: February 23, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, reprimanded, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Additional Complaint Details:** Rick Montes aka Ricky Montes ("Montes" or "Plaintiff") worked for State Farm Insurance Company ("Defendant" or "State Farm") as an automobile field appraiser/auto damage estimator from 2006 until he was terminated on June 24, 2021. On or about late December 2019/early January 2020 Montes joined Nicole Barker's ("Barker") estimatics team where he conducted auto damage estimates and vehicle appraisals by visually and physically inspecting property damage claims on behalf of Defendant.

On March 3, 2020, Montes suffered severe back pain which limited major life activities which include, without limitation lifting, sitting, bending, kneeling, crawling and carrying. Montes was required to drive in a van for extended periods of time in order to perform in-person vehicle inspections for property damage estimates. Montes was unable to drive in a vehicle for extended periods of time and/or perform in-person vehicle estimates due to his medical condition which limited major life activities. Therefore, that same day, on March 3, 2020, Montes requests time off due to his medical condition (i.e. his back pain) so he can obtain medical treatment for his physical condition and resulting limitations. Montes's request for time off on March 3, 2020 due to his medical condition was denied by Barker. On March 3, 2020, Barker provided Montes with particularly performance deficiencies. Therefore, Mr. Montes' back injury and physical condition on short notice prevented him from performing his job duties as an auto field appraiser. Barker was Montes's supervisor.

On March 4, 2020, Montes files for short term disability with a scheduled return to work date of April 13, 2020 and went on a medical leave of absence around this time. Barker did nothing to facilitate Montes' medical condition and/or medical leave of absence and Barker denied his medical leave. Montes was required to have another supervisor provide his requested time off. On March 4, 2020, Montes went to the emergency room due to his chronic back pain where he was diagnosed with sciatica and a pinched nerve in his back. Montes had chronic back pain which progressively got worse since approximately 2010.

On April 1, 2020, a federal medical leave act/California family rights act claim was opened for Montes and approved from March 4, 2020 through April 21, 2020. Around this April 2020 time frame, due the COVID-19 pandemic, vehicle inspections and appraisals were being performed virtually and without the need for auto field appraiser's like Montes to be out in the field and commuting for extended periods of time to physically take pictures of damaged

-2-

*Complaint – DFEH No. 202202-16217923*

Date Filed: February 23, 2022
Date Amended: February 23, 2022

vehicles and provide in-person estimates. It is believed that as of the date of filing the instant complaint, the vast majority of vehicle estimates are still being performed virtually and/or that Virtual teams are being used and without the need for vehicle appraisers like Montes to physically inspect vehicles to perform damage estimates.

On or about April 2020, Montes files a workers' compensation claim for his back injuries, related body parts and other ailments. When Montes was off work due to his medical leave arising from his physical condition, Barker continually contacted Montes by phone and with an aggressive tone and demeanor, requests that he complete the incident/accident report form for his workers' compensation claim. Montes responded to Barker that his workers' compensation attorney would be handling the required workers' compensation paperwork. In or around May/June 2020, Defendant released a realignment chart for the estimatics/auto field appraiser's due to the COVID-19 pandemic. Around this time, Montes is on Kurt Lumpkin's team due to the realignment and no longer on Barker's team. Montes was not provided reasonable workplace accommodations by Barker or anyone else working with Defendant to perform the essential job functions of his job. One of those accommodations could have been to work and perform vehicle estimates virtually. Montes could have performed his essential job functions as an auto field appraiser virtually or with other reasonable work place accommodations such as light duty work, or a smaller territory to commute, had he been given the opportunity in the 2020-2021 timeframe. Barker did not provide Montes with the opportunity to perform his field appraiser job duties virtually or with other reasonable work place accommodations. However, Montes was at some point transferred back to Barker's team prior to his termination and Barker continued to harass Montes based on his medical condition, work restrictions and need for reasonable work place accommodations in the 2020 timeframe up through the time of his termination. Defendant and Barker believed that Montes was malingering and faking his injury, physical condition and need for work place accommodations due to Barker's disciplinary action in March 2020.

On or about January 20, 2021 and January 22, 2021, Defendant's human resources investigator contacted Montes to address various allegations of discrimination and conflicts of interest relating, in part, to Barker. Montes was identified as a witness relating to Barker's alleged conflicts of interest and discrimination. Montes informed the HR investigator around this time that he would be filing a complaint against Barker for her denial of his request for time off due to his medical condition and Barker's harassment of him due to his medical condition and requested workplace accommodations.

On or about May 17, 2021, Barker sent Montes a letter to review his current medical leave of absence and indicated that he must return to work by May 19, 2021 otherwise he would be subject to disciplinary action up to and including termination of his employment with the Defendant. Montes was not medically cleared to return to work with the Defendant in the May 2021 timeframe by the workers' compensation doctors and/or treating medical providers. Montes advised Barker that he intends to return to work with the defendant but is not certain when he can return because he has not been medically cleared to return to work at that time. Barker requested that Montes provide her with a return-to-work date on or before June 4, 2021. Mr. Montes was willing and able to work with and/or without reasonable workplace accommodations in this timeframe.

On June 4, 2021, Montes informs Barker that he does not have a return-to-work date yet as he will not have a medical evaluation with his work restrictions until later in the month on

*Complaint – DFEH No. 202202-16217923*

Date Filed: February 23, 2022
Date Amended: February 23, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1    June 23, 2021 and has not been medically cleared to return to work with a specific return to
     work date as of June 4, 2021.

2    On June 10, 2021, Barker emails Montes that since April 22, 2020, Montes has been on an
3    unsupported medical leave which far exceeded the typical 26 weeks available for an
     approved short term disability claim. Barker did not attempt to provide a reasonable work
4    place accommodation of a continued medical leave of absence beyond June 2021 which
     Defendant could have done without imposing any undue hardship on Defendant.

5    Defendant's failure to provide a continued medical leave of absence as a form of reasonable
     workplace accommodation is further evidence of Barker's harassment toward Montes.
6    Barker indicated to Montes around this June 10, 2021 timeframe that his medical leave of
     absence was unreasonable and cannot be supported. Montes informed Barker that his work
7    restrictions and medical leave of absence was under review with his workers' compensation
     case and that he would provide a return-to-work date as soon as he had one.

8    On June 16, 2021, Barker emailed her supervisor, John Hubert ("Hubert") indicating that
9    Montes should be terminated for his job requirements not being "met" due to him being on a
     medical leave of absence due to his work restrictions, medical condition and need for
     reasonable workplace accommodations. Barker recommended termination from Hubert
10   which Hubert approved.

11   On June 23, 2021, the agreed medical evaluator ("AME") from the workers' compensation
     system, Peter Newton, evaluated Montes and diagnosed Montes with chronic low back pain
12   with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1 and indicated that he
     reached maximum medical improvement with a whole person impairment of 13% and had
13   work restrictions of limited forward bending and twisting to 1-2 hours per day. This AME
     report was signed on or about July 8, 2021.

14   Montes was involuntarily terminated on June 24, 2021. Defendant's failure to accommodate
     Montes's work restrictions and his termination were due to his medical
15   conditions/disabilities, age, harassment toward him by Barker and need for workplace
     accommodations which reflects a policy, pattern and practice by Defendant to terminate
16   older employees and/or those with medical conditions/disabilities including those who need
     workplace accommodations for said medical conditions/disabilities.

17   Defendant's actions toward Montes  reflect a continuous course of discriminatory conduct
     toward him and other Defendant's employees. The reason given for Montes's termination
18   was a pretext for the discriminatory motives of terminating Montes for his work restrictions,
     work place accommodations, medical condition and age. Substantial motivating reasons for
19   Montes's termination were due to his medical conditions, harassment by Barker, age and
     resulting disabilities and request for medical leave and reasonable work place
20   accommodations for his medical conditions/disabilities.

21   Barker engaged in harassment toward Montes due to his medical condition and requests for
     reasonable workplace accommodations. Barker, as a result of and motivated by Montes's
22   physical injury/disability and requests for workplace accommodations after March 3, 2020,
     created a hostile workplace environment which affected the social interactions between
23   Barker and Montes as Barker engaged in the following types of conduct toward Montes:

24   o        Barker made demeaning comments toward Montes
     o        Barker engaged in disparate treatment toward Montes
25   o        Barker threatened Montes with termination on several occasions.
     o        Barker belittled Montes in the presence of other staff members.

26                                            -4-
                              *Complaint – DFEH No. 202202-16217923*
27
     Date Filed: February 23, 2022
28   Date Amended: February 23, 2022

                                                       Form DFEH-ENF 80 RS (Revised 02/22)

o       Barker unjustifiably reprimanded and instituted disciplinary action toward Montes
o       Barker's behavior toward Montes occurred on a consistent basis and therefore created a hostile work environment.
o       Barker would raise her voice at Montes in an attempt to intimidate him, after he made requested reasonable work place accommodations in March 2020 due to his physical disability/medical condition
o       The social environment in the workplace became intolerable because of the verbal harassment which communicated an offensive message to Montes
o       There was a change in the working conditions initiated by Barker with the purpose of harassing Montes due to his disability and need for workplace accommodations.
o       Barker refused to accommodate Montes to enable him to perform his essential job duties virtually or with other reasonable work place accommodations, such as light duty, working virtually and extending his medical leave, which Defendant could have accommodated without imposing an undue hardship
•       Barker was attempting to force Montes to provide her with a return to work date before he was evaluated through an AME and before he was medically cleared by any doctors which Montes conveyed to Barker.
•       Barker refused to accommodate Montes by terminating him while he was on a medical leave and by not extending his medical leave
•       Barker further harassed Montes by when he was transferred back to Barker's team from Kurt Lumpkin's team and then subsequently terminated.

Barker's conduct toward Montes was outside the scope of necessary job performance and presumably engaged in for personal gratification, because of meanness or bigotry or for other personal motives.

-5-
*Complaint – DFEH No. 202202-16217923*

VERIFICATION

I, **Joshua Cohen Slatkin**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On February 23, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, CA**

-6-

*Complaint – DFEH No. 202202-16217923*

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                      KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 23, 2022

Ricky Montes
11620 Wilshire Blvd, Suite 900
Los Angeles, CA 90025

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202202-16217923
        Right to Sue: Montes / State Farm Mutual Automobile Insurance Company et al.

Dear Ricky Montes:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective February 23, 2022
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in DFEH's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in DFEH's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
DFEH's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number
indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Ricky Montes                                         DFEH No. 202202-16217923

                              Complainant,

vs.

State Farm Mutual Automobile Insurance Company
One State Farm Plaza
Bloomington, IL 61710-0001

Nicole Barker

,

State Farm General Insurance Company
One State Farm Plaza
Bloomington, IL 61710-0001

                              Respondents

_____

**1.** Respondent **State Farm Mutual Automobile Insurance Company** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Nicole Barker** individual as Co-Respondent(s).
Complainant is naming **State Farm General Insurance Company** business as Co-Respondent(s).

**3**. Complainant **Ricky Montes**, resides in the City of **Los Angeles,** State of **CA.**

**4.** Complainant alleges that on or about **June 24, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), family care or medical leave (cfra).

-1-

*Complaint – DFEH No. 202202-16217923*

Date Filed: February 23, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, reprimanded, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Additional Complaint Details:** Rick Montes ("Montes" or "Plaintiff") worked for State Farm Insurance Company ("Defendant" or "State Farm") as an automobile field appraiser/auto damage estimator from 2006 until he was terminated on June 24, 2021. On or about late December 2019/early January 2020 Montes joined Nicole Barker's ("Barker") estimatics team where he conducted auto damage estimates and vehicle appraisals by visually and physically inspecting property damage claims on behalf of Defendant.

On March 3, 2020, Montes suffered severe back pain which limited major life activities which include, without limitation lifting, sitting, bending, kneeling, crawling and carrying. Montes was required to drive in a van for extended periods of time in order to perform in-person vehicle inspections for property damage estimates. Montes was unable to drive in a vehicle for extended periods of time and/or perform in-person vehicle estimates due to his medical condition which limited major life activities. Therefore, that same day, on March 3, 2020, Montes requests time off due to his medical condition (i.e. his back pain) so he can obtain medical treatment for his physical condition and resulting limitations. Montes's request for time off on March 3, 2020 due to his medical condition was denied by Barker. On March 3, 2020, Barker provided Montes with particularly performance deficiencies. Therefore, Mr. Montes' back injury and physical condition on short notice prevented him from performing his job duties as an auto field appraiser. Barker was Montes's supervisor.

On March 4, 2020, Montes files for short term disability with a scheduled return to work date of April 13, 2020 and went on a medical leave of absence around this time. Barker did nothing to facilitate Montes' medical condition and/or medical leave of absence and Barker denied his medical leave. Montes was required to have another supervisor provide his requested time off.  On March 4, 2020, Montes went to the emergency room due to his chronic back pain where he was diagnosed with sciatica and a pinched nerve in his back. Montes had chronic back pain which progressively got worse since approximately 2010.

On April 1, 2020, a federal medical leave act/California family rights act claim was opened for Montes and approved from March 4, 2020 through April 21, 2020. Around this April 2020 time frame, due the COVID-19 pandemic, vehicle inspections and appraisals were being performed virtually and without the need for auto field appraiser's like Montes to be out in the field and commuting for extended periods of time to physically take pictures of damaged vehicles and provide in-person estimates. It is believed that as of the date of filing the instant

-2-
*Complaint – DFEH No. 202202-16217923*

Date Filed: February 23, 2022

complaint, the vast majority of vehicle estimates are still being performed virtually and/or that Virtual teams are being used and without the need for vehicle appraisers like Montes to physically inspect vehicles to perform damage estimates.

On or about April 2020, Montes files a workers' compensation claim for his back injuries, related body parts and other ailments. When Montes was off work due to his medical leave arising from his physical condition, Barker continually contacted Montes by phone and with an aggressive tone and demeanor, requests that he complete the incident/accident report form for his workers' compensation claim. Montes responded to Barker that his workers' compensation attorney would be handling the required workers' compensation paperwork.

In or around May/June 2020, Defendant released a realignment chart for the estimatics/auto field appraiser's due to the COVID-19 pandemic. Around this time, Montes is on Kurt Lumpkin's team due to the realignment and no longer on Barker's team. Montes was not provided reasonable workplace accommodations by Barker or anyone else working with Defendant to perform the essential job functions of his job. One of those accommodations could have been to work and perform vehicle estimates virtually. Montes could have performed his essential job functions as an auto field appraiser virtually or with other reasonable work place accommodations such as light duty work, or a smaller territory to commute, had he been given the opportunity in the 2020-2021 timeframe. Barker did not provide Montes with the opportunity to perform his field appraiser job duties virtually or with other reasonable work place accommodations. However, Montes was at some point transferred back to Barker's team prior to his termination and Barker continued to harass Montes based on his medical condition, work restrictions and need for reasonable work place accommodations in the 2020 timeframe up through the time of his termination. Defendant and Barker believed that Montes was malingering and faking his injury, physical condition and need for work place accommodations due to Barker's disciplinary action in March 2020.

On or about January 20, 2021 and January 22, 2021, Defendant's human resources investigator contacted Montes to address various allegations of discrimination and conflicts of interest relating, in part, to Barker. Montes was identified as a witness relating to Barker's alleged conflicts of interest and discrimination. Montes informed the HR investigator around this time that he would be filing a complaint against Barker for her denial of his request for time off due to his medical condition and Barker's harassment of him due to his medical condition and requested workplace accommodations.

On or about May 17, 2021, Barker sent Montes a letter to review his current medical leave of absence and indicated that he must return to work by May 19, 2021 otherwise he would be subject to disciplinary action up to and including termination of his employment with the Defendant. Montes was not medically cleared to return to work with the Defendant in the May 2021 timeframe by the workers' compensation doctors and/or treating medical providers. Montes advised Barker that he intends to return to work with the defendant but is not certain when he can return because he has not been medically cleared to return to work at that time. Barker requested that Montes provide her with a return-to-work date on or before June 4, 2021. Mr. Montes was willing and able to work with and/or without reasonable workplace accommodations in this timeframe.

On June 4, 2021, Montes informs Barker that he does not have a return-to-work date yet as he will not have a medical evaluation with his work restrictions until later in the month on

-3-

*Complaint – DFEH No. 202202-16217923*

Date Filed: February 23, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1    June 23, 2021 and has not been medically cleared to return to work with a specific return to work date as of June 4, 2021.

2    On June 10, 2021, Barker emails Montes that since April 22, 2020, Montes has been on an unsupported medical leave which far exceeded the typical 26 weeks available for an approved short term disability claim. Barker did not attempt to provide a reasonable work place accommodation of a continued medical leave of absence beyond June 2021 which Defendant could have done without imposing any undue hardship on Defendant.

3

4

5    Defendant's failure to provide a continued medical leave of absence as a form of reasonable workplace accommodation is further evidence of Barker's harassment toward Montes.

6    Barker indicated to Montes around this June 10, 2021 timeframe that his medical leave of absence was unreasonable and cannot be supported. Montes informed Barker that his work restrictions and medical leave of absence was under review with his workers' compensation case and that he would provide a return-to-work date as soon as he had one.

7

8    On June 16, 2021, Barker emailed her supervisor, John Hubert ("Hubert") indicating that Montes should be terminated for his job requirements not being "met" due to him being on a medical leave of absence due to his work restrictions, medical condition and need for reasonable workplace accommodations. Barker recommended termination from Hubert which Hubert approved.

9

10

11    On June 23, 2021, the agreed medical evaluator ("AME") from the workers' compensation system, Peter Newton, evaluated Montes and diagnosed Montes with chronic low back pain with a 4mm disc protrusion and 4mm spondylolisthesis at L5-S1 and indicated that he reached maximum medical improvement with a whole person impairment of 13% and had work restrictions of limited forward bending and twisting to 1-2 hours per day. This AME report was signed on or about July 8, 2021.

12

13

14    Montes was involuntarily terminated on June 24, 2021. Defendant's failure to accommodate Montes's work restrictions and his termination were due to his medical conditions/disabilities, age, harassment toward him by Barker and need for workplace accommodations which reflects a policy, pattern and practice by Defendant to terminate older employees and/or those with medical conditions/disabilities including those who need workplace accommodations for said medical conditions/disabilities.

15

16

17    Defendant's actions toward Montes  reflect a continuous course of discriminatory conduct toward him and other Defendant's employees. The reason given for Montes's termination was a pretext for the discriminatory motives of terminating Montes for his work restrictions, work place accommodations, medical condition and age. Substantial motivating reasons for Montes's termination were due to his medical conditions, harassment by Barker, age and resulting disabilities and request for medical leave and reasonable work place accommodations for his medical conditions/disabilities.

18

19

20

21    Barker engaged in harassment toward Montes due to his medical condition and requests for reasonable workplace accommodations. Barker, as a result of and motivated by Montes's physical injury/disability and requests for workplace accommodations after March 3, 2020, created a hostile workplace environment which affected the social interactions between Barker and Montes as Barker engaged in the following types of conduct toward Montes:

22

23    o      Barker made demeaning comments toward Montes

24    o      Barker engaged in disparate treatment toward Montes

       o      Barker threatened Montes with termination on several occasions.

25    o      Barker belittled Montes in the presence of other staff members.

26                                           -4-

27    Date Filed: February 23, 2022

28

o       Barker unjustifiably reprimanded and instituted disciplinary action toward Montes

o       Barker's behavior toward Montes occurred on a consistent basis and therefore created a hostile work environment.

o       Barker would raise her voice at Montes in an attempt to intimidate him, after he made requested reasonable work place accommodations in March 2020 due to his physical disability/medical condition

o       The social environment in the workplace became intolerable because of the verbal harassment which communicated an offensive message to Montes

o       There was a change in the working conditions initiated by Barker with the purpose of harassing Montes due to his disability and need for workplace accommodations.

o       Barker refused to accommodate Montes to enable him to perform his essential job duties virtually or with other reasonable work place accommodations, such as light duty, working virtually and extending his medical leave, which Defendant could have accommodated without imposing an undue hardship

•       Barker was attempting to force Montes to provide her with a return to work date before he was evaluated through an AME and before he was medically cleared by any doctors which Montes conveyed to Barker.

•       Barker refused to accommodate Montes by terminating him while he was on a medical leave and by not extending his medical leave

•       Barker further harassed Montes by when he was transferred back to Barker's team from Kurt Lumpkin's team and then subsequently terminated.

Barker's conduct toward Montes was outside the scope of necessary job performance and presumably engaged in for personal gratification, because of meanness or bigotry or for other personal motives.

-5-

*Complaint – DFEH No. 202202-16217923*

Date Filed: February 23, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Joshua Cohen Slatkin**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On February 23, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, CA**

-6-

*Complaint – DFEH No. 202202-16217923*

Date Filed: February 23, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Electronically FILED by Superior Court of California, County of Los Angeles on 03/01/2022 12:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton Deputy Clerk

Case 2:22-cv-02551-FLA-E   Document 1-1   Filed 04/15/22   Page 72 of 92   Page ID #:87

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joshua Cohen Slatkin (SBN: 285090); Ruben O. Contreras (SNB: 338464)<br>11620 Wilshire Blvd., Suite 900<br>Los Angeles, CA 90025 | |

TELEPHONE NO.: 310-627-2699   FAX NO. *(Optional)*: 310-943-2757

ATTORNEY FOR *(Name)*: RICKY MONTES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: **111 N. Hill Street**
MAILING ADDRESS: **-Same-**
CITY AND ZIP CODE: **Los Angeles, CA 90012**
BRANCH NAME: **Stanley Mosk Courthouse**

CASE NAME:
Ricky Montes v. State Farm Mutual Automobile Insurance Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **22STCV07354** |
| | | | | JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: Nine (9) for wrongful termination and related causes of action
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 1, 2022

Joshua Cohen Slatkin
(TYPE OR PRINT NAME)                                    *Joshua Cohen Slatkin*
                                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1   This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2 30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3 740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property. services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages. (2) punitive damages. (3) recovery of real property. (4) recovery of personal property. or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex  If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2  If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex. or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration. check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g.. slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g.. assault. vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g.. discrimination.
false arrest) *(not civil
harassment)* (08)
Defamation (e.g.. slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g.. money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g.. quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain. landlord/tenant. or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item: otherwise.
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re  Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| SHORT TITLE: Montes v. State Farm Mutual Automobile Insurance Company, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Montes v. State Farm Mutual Automobile Insurance Company, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | | 1, 2, 3 |
| **Employment** | | | |
| Wrongful Termination (36) | ☑ A6037  Wrongful Termination | | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | | 10 |
| **Contract** | | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | | 1, 2, 3, 8, 9 |
| **Real Property** | | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | | 2, 6 |
| | ☐ A6032  Quiet Title | | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | | 2, 6 |
| **Unlawful Detainer** | | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Montes v. State Farm Mutual Automobile Insurance Company, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐  A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Montes v. State Farm Mutual Automobile Insurance Company, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>✓ 1. ✓ 2. ✓ 3.   4.   5.   6.   7.   8.   9.   10.   11. | ADDRESS:<br><br>22217 Sherman Way |
|---|---|
| CITY:<br>Canoga Park | STATE: CA | ZIP CODE: 91303 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 1, 2022

_Joshua Cohen Slatkin_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/01/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV07354 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephen I. Goorvitch | 39 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/01/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

      of documents to the Court for processing which may contain one or more PDF documents

      attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019 

           KEVIN C. BRAZILE

11             Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Electronically FILED by Superior Court of California, County of Los Angeles on 03/03/2022 01:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

Case 2:22-cv-02551-FLA-E   Document 1-1   Filed 04/15/22   Page 87 of 92   Page ID #:102

JOSHUA COHEN SLATKIN (SBN 285090)
Josh@calegalhelp.com
RUBEN O. CONTRERAS (SBN 338464)
Ruben@calegalhelp.com
**LAW OFFICE OF JOSHUA COHEN SLATKIN**
11620 Wilshire Blvd., Suite 900
Los Angeles, California 90025
Telephone: 310-627-2699
Facsimile:  310-943-2757

Attorney for Plaintiff
RICKY MONTES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RICKY MONTES, an individual, | Case No.: 22STCV07354 |
| Plaintiff, | **NOTICE OF PLAINTIFFS' POSTING OF JURY FEES** |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY; NICOLE BARKER; and DOES 1 through 100, inclusive, | |
| Defendants. | |

NOTICE OF PLAINTIFF'S POSTING OF JURY FEES

TO THE HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the California Code of Civil Procedure Section 631, Plaintiff RICKY MONTES posted his advanced jury fees in the amount of $150.00 on March 3, 2022.

Respectfully submitted,

LAW OFFICE OF JOSHUA COHEN SLATKIN

Dated: March 3, 2022

BY *Joshua Cohen Slatkin*
JOSHUA COHEN SLATKIN
Attorney for Plaintiff
RICKY MONTES

1
NOTICE OF PLAINTIFF'S POSTING OF JURY FEES

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

 **Mediation may be appropriate when the parties**
 - want to work out a solution but need help from a neutral person.
 - have communication problems or strong emotions that interfere with resolution.

 **Mediation may <u>not</u> be appropriate when the parties**
 - want a public trial and want a judge or jury to decide the outcome.
 - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/07/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ K. Ghazarian _____ Deputy |
| PLAINTIFF:<br>Ricky Montes | |
| DEFENDANT:<br>State Farm Mutual Automobile Insurance Company et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22STCV07354 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 06/29/2022 | Time: 8:30 AM | Dept.: 39 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___03/07/2022___

_____
Stephen I. Goorvitch / Judge
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Joshua Cohen Slatkin
11620 Wilshire Blvd., Suite 900

Los Angeles, CA 90025

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___03/07/2022___

By __K. Ghazarian__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# **PROOF OF SERVICE**

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action; my business address is 11620 Wilshire Boulevard, Suite 900 Los Angeles, CA 90025.

      On March 16, 2022, I served the foregoing:

**NOTICE OF CASE MANAGEMENT CONFERENCE**

on the interested parties in this action by placing a true copy thereof as follows:

      Barett Green
      LITTLER
      2049 Century Park East, 5th Floor
      Los Angeles, CA 90067-3107
      Email: bgreen@littler.com

[]     (By FAX) I caused above-referenced documents to be FAX'd to the addressee at the following FAX #'s:

[X]    (Via E-mail) I caused a true copy of the foregoing document(s) listed above to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address(es) shown above. Each transmission was reported as complete and without error.

[]     (By Mail) I caused such envelope, with postage thereon, fully pre-paid, to be placed in the U.S. Mail at Los Angeles, CA 90049.

[]     (By Personal Service) I caused such envelope to be hand-delivered to the addressee, or to their office(s).

[X]    (State) I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on March 16, 2022, at Los Angeles, California.

          *Ruben O. Contreras*
          Ruben O. Contreras