JOSHUA COHEN SLATKIN (SBN 285090)
**LAW OFFICE OF JOSHUA COHEN SLATKIN**
11620 Wilshire Blvd., Suite 900
Los Angeles, California 90025
Telephone:  310-627-2699
Facsimile:   310-943-2757
Josh@calegalhelp.com

Attorney for Plaintiff,
Ricky Montes

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY MONTES, an individual,<br><br>      Plaintiff,<br><br>           vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM GENERAL INSURANCE COMPANY; NICOLE BARKER; and DOES 1 through 25, inclusive,<br><br>      Defendants. | Case No. 2:22-cv-2551-FLA-E<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND PLEADINGS TO FILE A SECOND AMENDED COMPLAINT AND JOIN NICOLE BARKER AS AN INDIVIDUAL DEFENDANT PURSUANT TO  28 U.S.C. § 1447 AND FRCP §15**<br><br>**[**FILED CONCURRENTLY WITH DECLARATION OF JOSHUA COHEN SLATKIN WITH ACCOMPANYING EXHIBITS AND APPENDIX OF PROPOSED CHANGES; [PROPOSED]ORDER]<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Hearing Date: November 11, 2022<br>Hearing Time: 1:30 p.m.<br>Courtroom: 6B |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on November 11, 2022, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 6B, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Ricky Montes will move the Court for an order granting Plaintiff leave to file his proposed Second Amended Complaint and join Nicole Barker as an individual defendant, a copy of which is filed concurrently with this motion as **Exhibit 1** attached to the declaration of Joshua Cohen Slatkin.

Specifically, the Proposed Second Amended Complaint seeks to (1) add a tenth cause of action for Intentional Infliction of Emotional Distress (2) join Nicole Barker as an individual Defendant; and (3) re-numbers the remaining paragraphs and causes of action accordingly.

This Motion is brought after a conference pursuant to Local Rule 7-3, which was initiated on September 15, 2022.  This Motion is brought pursuant to Federal Rule of Civil Procedure section 15, 28 U.S.C. section 1447 (e) and will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Joshua Cohen Slatkin, appendix of changes and its Exhibits filed herewith, the [Proposed] Order filed herewith, all of the files and records in this action, and on any additional material that may be elicited at the hearing of this Motion.

Dated: September 27, 2022          By: /s/ Joshua Cohen Slatkin

Joshua Cohen Slatkin
Attorney for Plaintiff,
Ricky Montes

# TABLE OF CONTENTS

I.      INTRODUCTION……………………………………………………..6

II.     STATEMENT OF COMPLIANCE WITH LOCAL RULE 7-3…………….7

III.    PROCEDURAL & FACTUAL BACKGROUND…………………………7

IV.     PLAINTIFF REQUESTS JOIN NICOLE BARKER AS AN INDIVDUAL DEFENDANT…………………………………………………………..10

    A. Legal Standard…………………………………………………………10

    B. Necessary Parties Under Rule 19(a)……………………………………10

    C. Statute of limitations…………………………………………………...11

    D. Timeliness of seeking leave……………………………………………11

    E. Intent to Seek Joinder…………………………………………………..12

    F. Apparent validity of claims against new defendants……………………...13

    G. Prejudice to Plaintiff…………………………………………………13

V.      PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT………14

    1. The Amendment Will Not Cause Undue Delay………………………….15

    2. Plaintiff Will Be Able to State a Valid Claim of Intentional Infliction of Emotional Distress and Harassment…………………………………………16

    3. Plaintiff Has Not Acted in Bad Faith…………………………………..19

    4. Defendants Will Not Suffer Prejudice as a Result of the Amendment…..19

    5. Amendment is Not Futile………………………………………………20

    6. Amendment is Extremely Important to Plaintiff…………………………21

VI.     CONCLUSION……………………………………………………………21

# TABLE OF AUTHORITIES

<u>Cases</u>

Avellanet v. FCA US LLC, No. CV 19-7621-JFW(KSX), 2019 WL 5448199………14

Barsell v. Urban Outfitters, Inc., , 2009 WL 1916495………………………………..18

Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association, 98 F.R.D. 458, 459…………………………………………………………14

Calderon v. Lowe's Home Ctrs., LLC, No. 2:15-CV-01140-ODW-AGR, 2015 WL 3889289…………………………………………………………………………………..10

Coilcraft, Inc. v. Inductor Warehouse, 2000 U.S. Dist. LEXIS 6097…………………19

Cooper Development Co. v. Employers Insurance of Wausau, 765 F. Supp. 1429…..14

CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991)….10, 11

Dagley v. Target Corp., Inc., CV 09-1330, 2009 WL 910558………………………..17

DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)……………..14, 20

Doe v. Rose, No. CV-15-07503-MWF-JC, 2016 WL 81471……………………………6

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)……14, 20

Foman v. Davis 371 U.S. 178, 182, 83 S. Ct. 227, 230………………………………14

Found. Bldg. Materials, LLC v. Action Gypsum Supply, No. SACV 21-01804-CJC(KESx), 2022 WL 705337……………………………………………………………13

Getters S.P.A. v. Aeronex, 219 F. Supp. 2d 1081, 1086………………………………20

Gonzalez v. J.S. Paluch Co., No. 12-08696-DDP (FMOx), 2013 WL 100210………..12

Gibson v. Am. Airlines, 1996 WL 329632……………………………………………...17

Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)…12

Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry, 648 F.2d 1252, 1254 (9th Cir. 1981)……………………………………………………………15

IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011–12……………………………………………………………………11

Krantz v. Bloomberg L.P. 2:21-cv-06275-AB, 2022 WL 21019133…………………11

Lockheed Martin Corp. v. Network Solutions, Inc., 175 F.R.D. 640, 643…………15, 20

MOTION FOR LEAVE TO AMEND

Marin v. FCA US LLC, No. 2:21-CV-04067-AB-PDX, 2021 WL 5232652………….12

Martinez v. Michaels Stores, Inc., 2015 U.S. Dist. LEXIS 92180……………………18

Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538…………………………15

Naranjo v. Bank of Am. N.A., 2015 U.S. Dist. LEXIS 25899…………………………19

Negrete v. Meadowbrook Meat Co., No. ED CV 11–1861 DOC (DTBx), 2012 WL
254039…………………………………………………………………………………10

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)……………….…10

Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658……………………………10

Percival v. Staples, Inc., No. 5:21-cv-01962-AB (SHKx), 2022 WL 2235811……..…..6

Prudenciano Flores v. Nissan N. Am., Inc., No. CV 21-09411-RSWL-PDx,
2022 WL 1469424……………………………………………………..………13

Roby v. McKesson Corp., 47 Cal. 4th 686 (2009)……………………………………18

Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139( 9th Cir. 1998)………15

United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)……………………………14

Walker v. Glob. Mail, Inc., No. CV 21-6546-DMG (SHKx), 2021 WL 4594024…….10

Wilson v. Hynek, 207 Cal. App. 4th 999, 1009 (2012)………………………………..17


Federal Rules of Civil Procedure

Federal Rule of Civil Procedure §12(b)(6)……………………………………………..20

Federal Rule of Civil Procedure §15……………………………………………..6, 14

Federal Rule of Civil Procedure §19……………………………………………..6, 10


Central District Local Rules

Local Rule 7-3………………………………………………………………….7

Statutes

28 U.S.C. §1447……………………………………………….6, 7, 10, 11, 13, 21

CA Assembly Bill 9………………………………………………………………11

<u>Secondary Sources</u>

3-15 Moore's Federal Practice - Civil § 15.14…………………………………………14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Ricky Montes's ("Plaintiff") First Amended Complaint ("FAC") alleges nine causes of action stemming from the discrimination and harassment he was subjected to due to his disability and the ultimate wrongful termination of his employment. Plaintiff was a long term fifteen-year employee of Defendant State Farm Mutual Automobile Insurance Company ("Defendant"). Plaintiff worked for Defendant from 2006 until his termination on June 24, 2021. (FAC at ¶11).  On March 3, 2020, Plaintiff suffered severe back pain which limited major life activities which include, without limitation lifting, sitting, bending, kneeling, crawling and carrying. (*Id.* at ¶13). Plaintiff's request for time off on March 3, 2020 due to his medical condition was denied by Barker. (*Id.* at ¶17). On June 10, 2021, Barker emails Plaintiff that since April 22, 2020, Plaintiff has been on an unsupported medical leave which far exceeded the typical 26 weeks available for an approved short term disability claim. (*Id.* at ¶49). Plaintiff was involuntarily terminated on June 24, 2021. (Id. at ¶58).

Through this Motion, Plaintiff seeks leave to file a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure §15, §19 and 28 U.S.C. §1447(e). After obtaining new evidence substantiating the discriminatory motives and actions of Plaintiff's former supervisor, Nicole Barker ("Barker"), Plaintiff now seeks to amend his FAC to join Barker as an individual defendant and to add a cause of action for Intentional Infliction of Emotional Distress.  A redlined copy of Plaintiff's SAC showing all changes to Plaintiffs' operative First Amended Complaint is filed concurrently with this motion as **Exhibit 2** ("Slatkin Decl."), ¶ 3. Under 28 U.S.C. §1447 ( e), where if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.  *See also* Percival v. Staples, Inc., No. 5:21-cv-01962-AB (SHKx), 2022 WL 2235811, at *2 (C.D. Cal. May 3, 2022); Doe v.

Rose, No. CV-15-07503-MWF-JC, 2016 WL 81471, at *3 (C.D. Cal. Jan. 7, 2016) ("Although motions to amend a pleading are generally analyzed under Rule 15, where the plaintiff seeks to add a non-diverse defendant after removal, amendment is governed by the section 1447 standards.").

Plaintiff is concurrently moving to remand the case to the Los Angeles Superior Court based on lack of diversity jurisdiction with Nicole Barker joined as a named defendant.

## II.    STATEMENT OF COMPLIANCE WITH LOCAL RULE 7-3

On September 15, 2022, the parties met and conferred relating to the instant motion pursuant to Central District of California, Local Rule 7-3.  Slatkin Decl., ¶ 4 Defendants' counsel did not agree to have Nicole Barker joined as an individual defendant, did not agree to have an Intentional infliction of emotional distress cause of action added and did not agree to pursue the claim in state court due to lack of diversity jurisdiction therefore necessitating the filing of this motion to remand. Slatkin Decl., ¶5

The proposed SAC seeks to add Nicole Barker as a Defendant and add a claim for Intentional Infliction of Emotional Distress. Slatkin Decl., ¶ 6, Exhs. 1 and 2.  As discussed herein, the requested amendments are based largely on new evidence obtained by Plaintiff's counsel *after* the stipulation to dismiss Nicole Barker as a defendant was filed in this action <u>without prejudice</u>. Plaintiff's SAC is brought in good faith based on new evidence, contains new allegations that are closely tied to the core operative facts on which this action is based and that should come as no surprise to Defendant, will not cause any undue delay and does not cause any prejudice to the Defendants.

## III.    PROCEDURAL & FACTUAL BACKGROUND

Plaintiff filed this action on March 1, 2022 in the Superior Court for the County of Los Angeles and Defendant answered Plaintiff's Complaint and removed to this Court on April 15, 2022. Slatkin Decl., ¶ 7.   On or about May 5, 2022, the parties filed

a Joint Stipulation with the Court (that was entered by the Court on June 6, 2022) that dismissed Nicole Barker from the action without prejudice, thereby destroying diversity jurisdiction. *Id.* at ¶ 8. Plaintiff's counsel and Defendant's counsel met and conferred after Defendant removed the instant action. Slatkin Decl., ¶ 9. Defendant's counsel represented to Defendant's counsel that he spoke with Defendant Barker who represented to him that Plaintiff was terminated solely for being on an extended and unapproved medical leave and there was no harassment perpetuated by Barker. Slatkin Decl., ¶10. Therefore, Plaintiff's counsel agreed to dismiss Barker without prejudice and the parties' counsel informally stipulated to the number and extent of certain discovery devices and timelines to oppose motions for summary judgement. Slatkin Decl., ¶ 11.

However, in a letter dated November 2, 2020, that was first produced to Plaintiff's counsel by Plaintiff on or about August 2022 in response to defendant's discovery requests for documents, Defendants' lawyer representing Defendant in the workers compensation matter presented new facts to Plaintiff stating: "…it is the employer's position that Mr. Montes conjured his injury following a poor performance review. To date, per his own deposition, Mr. Montes has yet to sign that review... As a result, this claim remains denied." Slatkin Decl., ¶ 12, Exh. 3. This was the objective, independently verified evidence from a credible source, namely Defendant's own lawyer, confirming Defendants' position of Barker's purported belief that Plaintiff had faked his injury. The notion that Barker believed Plaintiff faked his injury and then used that as a basis to terminate his employment prompted Plaintiff to file the instant Motion, as Plaintiff has a viable claim for Harassment in violation of the FEHA and Intentional Infliction of Emotional Distress ("IIED") against Barker. Barker was Plaintiff's immediate supervisor who administered the performance review. Slatkin Decl., ¶ 13, Exh. 4. Barker recommended and made the termination decision with approval from her supervisor, John Hubert. Slatkin Decl., ¶ 15, Exh. 5.

Plaintiff's FAC alleges specific facts stating a viable claim of harassment and

IIED against Defendant Barker, including that she (1) failed to facilitate Plaintiff's medical condition and/or leave of absence, (2) denied Plaintiff's medical leave, (3) continually contacted Plaintiff by phone during his medical leave with an aggressive tone and demeanor, (4) denied Plaintiff a reasonable accommodation, (5) attempted to force Plaintiff to provide a return to work date before he was medically cleared to do so, (6) claimed Plaintiff was on unsupported medical leave without attempting to discuss a reasonable accommodation, (7) ignored Plaintiff's explanations regarding his medical leave and return-to-work date, (8) recommended Plaintiff be terminated due to his disability, work restrictions and need for an accommodation, (9) made demeaning comments toward Plaintiff, (10) repeatedly threatened Plaintiff with termination,  (11) belittled Plaintiff in the presence of other staff members, (12) unjustifiably reprimanded and instituted disciplinary action toward Plaintiff, (13) raised her voice at Plaintiff in an attempt to intimidate him, after he made requested reasonable workplace accommodations, (14) created an intolerable social environment for Plaintiff, and (15) terminated Plaintiff's employment while he was on medical leave. (*See* FAC, ¶¶ 20, 22-23, 30, 34-39, 42-55, 63-65).

In addition, Plaintiff now seeks to add paragraphs 66-78 and 154-161 to the SAC to include allegations based on the newly obtained evidence that Barker believed Plaintiff faked his injury and used that belief and abuse of power as a basis to terminate his employment.  In other words, the newly discovered allegations which Plaintiff seeks to add via the proposed SAC allege that Barker deceptively denied Plaintiff his rights under California law to receive an accommodation and lied about her reasons for terminating Plaintiff. (*See* SAC ¶¶ 66-78)

Thus, notwithstanding Plaintiff's diligent efforts thus far in this litigation, new evidence has recently been discovered that necessitate Plaintiff to amend his FAC. Thus, Plaintiff's proposed SAC seeks to add Barker, as an individual defendant and a Tenth Claim for Intentional Infliction of Emotional Distress.

## IV.  PLAINTIFF REQUESTS JOIN NICOLE BARKER AS AN INDIVDUAL DEFENDANT

### A.  LEGAL STANDARD

Whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the district court. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Walker v. Glob. Mail, Inc.*, No. CV 21-6546-DMG (SHKx), 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021) ("District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e)."). In exercising this broad discretion, courts typically consider six factors: (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication;" (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *See Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-CV-01140-ODW-AGR, 2015 WL 3889289, *3 (C.D. Cal. June 24, 2015) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (C.D. Cal. 2000)). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *See Negrete v. Meadowbrook Meat Co.*, No. ED CV 11–1861 DOC (DTBx), 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012).

### B. Necessary Parties Under Rule 19(a)

A "necessary party" under Federal Rule of Civil Procedure § 19 has "an interest in the controversy," and should be made a party so that "the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *See* CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991) (citation omitted). While courts consider the standard set forth in Rule 19 to determine whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than

for joinder under [Rule 19]." Krantz v. Bloomberg L.P. 2:21-cv-06275-AB, 2022 WL 21019133, at *4 (internal quotations omitted). The standard for joinder under section 1447(e) "is met when failure to join will lead to separate and redundant actions." IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000) (citing CP Nat'l, 928 F.3d at 910). Here, based on the aforementioned facts and argument, Defendant Nicole Barker is a necessary party as valid claims for IIED and harassment can be made against her based on objective evidence that she harassed and subsequently terminated Plaintiff because she believed he was faking his injury following a negative performance review. (*See* Exhibits 3, 4 and 5 concurrently filed with the instant motion).

### C. Statute of limitations

The Court next considers whether the statute of limitations would prevent the filing of a new action against the new defendants should the Court deny joinder. In this case, Plaintiff was terminated on June 24, 2021. IIED claims are common law personal injury claims which have a two-year statute of limitations. Harassment claims under the Fair Employment and Housing Act ("FEHA") have a three-year statue of limitations pursuant to California assembly bill 9.  Therefore, Plaintiff's claims for IIED and harassment against Barker are within the statute of limitations period.

### D.  Timeliness of seeking leave

When determining whether to allow amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion." Id. This case is still in the early stages of litigation. No depositions have been taken. No dispositive motions have been filed. No discovery motions or other substantive motions have been. There is no trial date or scheduling order in this matter at the time of filing the instant motion. Plaintiff served written discovery responses only. Plaintiff sought leave to

amend shortly after obtaining objective evidence establishing harassment and IIED allegations against a non-diverse defendant, Nicole Barker. (*See* Exhibit 3).

E. **Intent to Seek Joinder**

There is a general presumption against fraudulent joinder," but it will be found if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *See* Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (quotation omitted). The removing party must prove there is "no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant." *See* Gonzalez v. J.S. Paluch Co., No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. 2013). Merely a "glimmer of hope" that plaintiff can sustain a claim is enough to prevent application of the fraudulent joinder doctrine. Id. "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant." Marin v. FCA US LLC, No. 2:21-CV-04067-AB-PDX, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021).

Here, in a letter dated November 2, 2020, that was first produced to Plaintiff's counsel by Plaintiff on or about August 2022 in response to defendant's discovery requests for documents, Defendants' lawyer representing Defendant in the workers compensation matter presented new facts to Plaintiff stating: "…it is the employer's position that Mr. Montes conjured his injury following a poor performance review. To date, per his own deposition, Mr. Montes has yet to sign that review... As a result, this claim remains denied." Slatkin Decl., ¶ 17, Exh. 3. This was the objective, independently verified evidence from a credible source, namely Defendant's own lawyer, confirming Defendants' position of Barker's purported belief that Plaintiff had faked his injury. Id. The notion that Barker believed Plaintiff faked his injury and then used that as a basis to terminate his employment prompted Plaintiff to file the instant

Motion, as Plaintiff has a viable claim for Harassment in violation of the FEHA and Intentional Infliction of Emotional Distress ("IIED") against Barker. Id. Barker was Plaintiff's immediate supervisor who administered the performance review. Slatkin Decl., ¶ 13, Exh. 4. Barker recommended and made the termination decision with approval from her supervisor, John Hubert. Slatkin Decl., ¶ 15, Exh. 5. Further, Plaintiff initially dismissed Barker without prejudice and intended to remain in federal court. Therefore, Plaintiff's prior dismissal of Barker establishes that Plaintiff's intent to join Barker at this stage is based on factual allegations and newly discovered evidence against Barker and not for purposes to remand.

### F. **Apparent validity of claims against new defendants**

The existence of a facially valid claim against the putative defendant weighs in favor of permitting joinder under section 1447(e). A claim is facially valid if it "seems valid," which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *See* Prudenciano Flores v. Nissan N. Am., Inc., No. CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022) (citation omitted). Indeed, "the claim need not be plausible nor stated with particularity" for purposes of joinder under section 1447. *See* Found. Bldg. Materials, LLC v. Action Gypsum Supply, No. SACV 21-01804-CJC(KESx), 2022 WL 705337, at *4 (C.D. Cal. Mar. 8, 2022) (quotation omitted). As explained supra, Plaintiff's allegations against Barker establish a facially legitimate claim for harassment based upon Plaintiff's disability (discussed infra at pg. 12 ) and a cause of action intentional infliction of emotional distress (discussed infra at pg. 12) against Barker.

### G. **Prejudice to Plaintiff**

Where claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once," and to force the plaintiff to

"proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *See* Avellanet v. FCA US LLC, No. CV 19-7621-JFW(KSX), 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019). Therefore, the final factor weighs in favor of joinder because, without leave to amend his complaint, Plaintiff would be required to pursue two substantially similar lawsuits in two different forums-an action against Defendant here and an action against Barker in California state court.

## V.    PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT

Plaintiff requests leave to amend the complaint to add a tenth cause of action for intentional infliction of emotional distress against Barker and Defendant and add Barker as a named Defendant. Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); see, e.g. Foman v. Davis 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); Cooper Development Co. v. Employers Insurance of Wausau, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); see also Moore, 3-15 Moore's Federal Practice - Civil § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").

In deciding whether justice requires granting leave to amend, factors to be considered include: (1) the presence or absence of undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of the proposed amendment. *See* Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). "These factors are to be applied with a view toward "the strong policy in favor of allowing amendment." *See* Lockheed Martin Corp. v. Network Solutions, Inc., 175 F.R.D. 640, 643 (C.D. Cal. 1997). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." None of the factors relied upon by the Supreme Court and Ninth Circuit for denying leave to amend are present here, as there is no applicable Scheduling Order yet, no depositions have been taken, no dispositive motions have been filed and only Plaintiff has provided written discovery responses as of the time of filing the instant motion. Slatkin Decl., ¶ 18.

1. <u>The Amendment Will Not Cause Undue Delay.</u>

There is no undue delay on Plaintiff's behalf and an amendment will not alter the scheduling of this proceeding. "Considerable delay with no reasonable explanation is relevant where a proposed amendment would cause prejudice to the other party or would significantly delay resolution of the case." *See* Lockheed Martin Corp., 175 F.R.D.at 644; contrast Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of a motion to amend made on the eve of the discovery deadline.) However, "delay alone [if present] does not provide sufficient grounds for denying leave to amend." *See* Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry, 648 F.2d 1252, 1254 (9th Cir. 1981).

Again, there is no applicable Scheduling Order yet, no trial date, no pending motion for summary judgement, no depositions have been taken and only Plaintiff has provided written discovery responses thus far. Slatkin Decl., ¶ 18.  Hence, Plaintiff's

filing of the SAC will not impact any upcoming dates or deadlines, and there is ample time for the parties to conduct relevant discovery, if necessary. Accordingly, the first factor weighs in favor of granting leave to amend.

>    2.    Plaintiff Will Be Able to State a Valid Claim of Intentional Infliction of Emotional Distress and Harassment

As described above, Plaintiff has alleged a cause of IIED against Barker on the grounds that she engaged in abusive, harassing and retaliatory conduct against Plaintiff due to his disability and need for accommodation. (See, SAC ¶¶ 154-161) This claim is largely based on the same conduct as the Third Claim for Harassment in violation of the FEHA, as the conduct alleged against Barker in the FAC includes the following: (1) failed to facilitate Plaintiff's medical condition and/or leave of absence, (2) denied Plaintiff's medical leave, (3) continually contacted Plaintiff by phone during his medical leave with an aggressive tone and demeanor, (4) denied Plaintiff a reasonable accommodation, (5) attempted to force Plaintiff to provide a return to work date before he was medically cleared to do so, (6) claimed Plaintiff was on unsupported medical leave without attempting to discuss a reasonable accommodation, (7) ignored Plaintiff's explanations regarding his medical leave and return-to-work date, (8) recommended Plaintiff be terminated due to his disability, work restrictions and need for an accommodation, (9) made demeaning comments toward Plaintiff, (10) repeatedly threatened Plaintiff with termination,  (11) belittled Plaintiff in the presence of other staff members, (12) unjustifiably reprimanded and instituted disciplinary action toward Plaintiff, (13) raised her voice at Plaintiff in an attempt to intimidate him, after he made requested reasonable workplace accommodations, (14) created an intolerable social environment for Plaintiff, and (15) terminated Plaintiff's employment while he was on medical leave. (See FAC, ¶¶ 20, 22-23, 30, 34-39, 42-55, 63-65) .

The new allegations which Plaintiff seeks to add via this Motion further include claims that Barker believed Plaintiff faked his injury and used that belief and abuse of

power as a basis to terminate his employment.  In other words, the newly discovered allegations bolster the already pled harassment allegations, namely that Barker deceptively denied Plaintiff his rights under California law to receive an accommodation and lied about her reasons for terminating Plaintiff. (See SAC ¶¶ 66-78)

To state a claim for IIED, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Wilson v. Hynek, 207 Cal. App. 4th 999, 1009 (2012). The outrageous conduct alleged "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.  Thus, Plaintiff will be able to state a valid claim of IIED against Barker, as the above allegations are clearly outrageous and beyond the bounds of decency.  Since Plaintiff will be able to state a valid claim of IIED against all Defendants, the court should allow the filing of the attached proposed SAC, which states a claim of IIED based on newly discovered facts related to the original complaint. (See, Proposed Second Amended Complaint, Tenth Cause of Action, ¶¶ 154-161).

Further, Plaintiff's IIED and Harassment claims against Barker are not barred under Managerial Privilege, as  the test for such claims is whether "the behavior goes beyond the act of termination" or some other managerial decision. See Dagley v. Target Corp., Inc., CV 09-1330, 2009 WL 910558, at *3 (C.D. Cal. Mar. 31, 2009) (quoting Gibson v. Am. Airlines, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996)). "For example, if a plaintiff 'alleges conduct other than that inherent in terminating an employee', such as violating a 'fundamental interest of the employee ... in a deceptive manner that results in the plaintiff being denied rights granted to other employees,'" then the plaintiff may plausibly assert an IIED claim against the supervisor responsible for the conduct. Id.

Further, Plaintiff has a viable cause of action for harassment against Barker. As the California Supreme Court made clear in the landmark case of Roby v. McKesson Corp., 47 Cal. 4th 686 (2009), that "[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives...."  The egregious conducted detailed above clearly falls outside scope of necessary job decisions, as it was done due to Defendant Barker's personal animus and motives. Threats of job security, demeaning comments and unjustified denials of accommodations are clearly not within the scope of management decisions, but rather arise from discriminatory animus.   As the Court in McKesson recognized, "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message." Id.  at 709. Plaintiff never dismissed his harassment cause of action when Barker was dismissed without prejudice.

Here, Plaintiff alleges here that Barker believed Plaintiff's disability to be fraudulent and thus terminated his employment and denied Plaintiff his rights under the FMLA and CFRA. (See SAC, ¶¶ 66 – 78). As such, there is a "non-fanciful possibility" that Plaintiff will be able to allege a claim of IIED and harassment against Barker for her conduct because Plaintiff has alleged that Barker engaged in abusive practices, deceptively terminated his employment and denied him rights he is entitled to under the law. (See SAC ¶¶ 66-78, 154-161; Barsell v. Urban Outfitters, Inc., , 2009 WL 1916495, *4 (C.D. Cal. July 1, 2009) (holding there was a "non-fanciful possibility" that plaintiff could state a claim for IIED against her supervisor where plaintiff alleged that supervisor had falsified a report about plaintiff's work history and retaliated against plaintiff based on that report); Martinez v. Michaels Stores, Inc., 2015 U.S. Dist. LEXIS 92180, at *26-29, 2015 WL 4337059 (C.D. Cal. July 15, 2015) ("courts ordinarily find IIED claims based on workplace harassment or discrimination viable even where asserted against individual employees.").

MOTION FOR LEAVE TO AMEND

### 3.    Plaintiff Has Not Acted in Bad Faith.

No indications of bad faith are present in Plaintiff's actions. "Bad faith exists where, inter alia, the proposed amendment 'will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories.' Bad faith may also exist when a party repeatedly represents to the court that the party will not move to amend its complaint, and subsequently moves to amend once 'the proverbial writing was on the wall' that the party will suffer an adverse judgment.' A court may also find bad faith when the moving party has a 'history of dilatory tactics.'" *Naranjo v. Bank of Am. N.A.*, 2015 U.S. Dist. LEXIS 25899, *15 (N.D. Cal. Feb. 27, 2015). "To determine whether bad faith exists, the Court looks to the evidence in the record." *Id.*

None of these facts are present here. Plaintiff is not prolonging the litigation by adding baseless legal theories. Rather, since filing the FAC, Plaintiff has obtained new evidence in response to Defendant's discovery requests regarding Barker's harassing behavior and motives underlying her termination of Plaintiff.  This information was obtained by Plaintiff's counsel in August 2022, after Plaintiff had stipulated to dismiss Barker without prejudice. This new information supports the addition of Barker as an individual Defendant, as well as Plaintiffs' new claims for IIED, and the assertion of additional details in support of its previously asserted claims. *See* Coilcraft, Inc. v. Inductor Warehouse, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").  Consequently, this factor weighs in favor of granting leave to amend.

### 4.    Defendants Will Not Suffer Prejudice as a Result of the Amendment.

Plaintiff's proposed amendment does not change the course of this litigation. "Prejudice is the 'touchstone of the inquiry under rule 15(a). Absent prejudice, or a strong showing of any of the remaining ... factors, there exists a presumption under Rule

15(a) in favor of granting leave to amend." *See* Eminence Capital, LLC v. Aspeon, Inc., 316 F.2d 1048, 1052 (9th Cir. 2003). "It is within the district court's discretion to deny leave to amend where new claims radically shift the nature of the case, requiring the opposing party to engage in substantial new discovery or to undertake an entirely new course of argument late in the case." Lockheed Martin Corp., 175 F.R.D. at 644.

Plaintiff's proposed amendment will cause no prejudice to Defendants. Plaintiff seeks to add an individual Defendant based on newfound evidence concerning Barker's abusive behavior and reasoning behind her treatment of Plaintiff. This amendment is necessary, as the Third Claim for Harassment has not been dismissed and Barker is subject to liability as an individual for her harassment of Plaintiff. Further, the new facts related to the IIED cause of action are also relevant evidence for the Harassment claim. Finally, the allegations all arise from newly acquired evidence, namely based the November 2, 2020 letter from Defendants' workers compensation attorney. Slatkin Decl., ¶ 17. Accordingly, Defendants will suffer no demonstrable prejudice by an order granting leave to file Plaintiff's SAC.

Although Defendants will be unable to demonstrate any prejudice as described above, it is their burden to do so in opposing amendment. See DCD Programs, 833 F.2d at 187. There will be no radical shift in the course of this case or an inability to obtain any additional discovery that might be relevant to Plaintiff's proposed claim. Thus, this factor also favors granting Plaintiff's leave to amend.

### 5.    Amendment is Not Futile.

"[A]n amendment is 'futile' only if it would clearly be subject to dismissal. While courts determine the legal sufficiency of a proposed amendment using the same standard applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend. *See* Getters S.P.A. v. Aeronex, 219 F. Supp. 2d 1081, 1086 (2002) [citations omitted]. Here, the amendment is necessary to hold the proper parties, namely Barker,

responsible for her violations of the law, to clarify the facts concerning the existing claims against Defendant and to include a new viable claim. As such, this factor also weighs in favor of amendment.

6. <u>Amendment is Extremely Important to Plaintiff.</u>

In short, because of the new evidence obtained recently, it would be extreme and irrevocable prejudice to Plaintiff and for the Court to deny the type of amendment sought. Plaintiff has not engaged in any undue delay nor is there any basis for Defendants to claim surprise based on the totality of circumstances. Plaintiff's Counsel herein believes that the matter easily satisfies the liberal amendment standards of FRCP Rule 15(a) and they very respectfully ask the Court for permission for leave to file their proposed SAC.

## VI.  CONCLUSION

For the reasons discussed above, the relevant section 15 and 1447(e) factors, require and allow Plaintiff to file an amendment to the SAC and join Barker as an individual defendant. Plaintiff respectfully seeks leave of this Court to file the proposed Second Amended Complaint and join individual Defendant Nicole Barker as a defendant.

Dated: <u>September 27, 2022</u>___          By: <u>/s/ Joshua Cohen Slatkin</u>

Joshua Cohen Slatkin
Attorney for Plaintiff,
Ricky Montes

**CERTIFICATE OF SERVICE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I am employed in the State of California, County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Law Offices of Joshua Cohen Slatkin, 11620 Wilshire Blvd., Suite 900, Los Angeles, CA 90025.

On September 27, 2022, I served the foregoing:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND PLEADINGS TO FILE A SECOND AMENDED COMPLAINT AND JOIN NICOLE BARKER AS AN INDIVIDUAL DEFENDANT PURSUANT TO 28 U.S.C. § 1447 AND FRCP §15**

on the interested parties in this action by placing a true copy thereof as follows:

Keith A. Jacoby – kjacoby@littler.com
Jennifer A. Goldberg- jagoldberg@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107

[ ]    (By First Class Mail) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

[X]    (By Electronic Submission) I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission.

Executed on September 27, 2022, at Los Angeles, California.

_____/s/_____
Joshua Cohen Slatkin