UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY MONTES,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 2:22-cv-02551-FLA (Ex)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DKT. 20] AND MOTION TO REMAND [DKT. 19]** |

## **RULING**

Before the court are Plaintiff Ricky Montes' ("Plaintiff" or "Montes") Motion for Leave to Amend Pleadings to File a Second Amended Complaint ("Motion to Amend," Dkt. 20) and Motion for Remand (Dkt. 19). Defendants State Farm Mutual Automobile Insurance Company ("State Farm Automobile") and State Farm General Insurance Company ("State Farm General") (collectively, "Defendants" or "State Farm") oppose the Motions. Dkts. 24, 25. On November 15, 2022, the court found these matters appropriate for resolution without oral argument and vacated the hearing set for November 18, 2022. Dkt. 32; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Motions in their entirety.

## BACKGROUND

On March 1, 2022, Plaintiff filed the Complaint in this action in the Los Angeles County Superior Court, asserting nine causes of action against State Farm and former Defendant Nicole Barker ("Barker") for: (1) discrimination based on physical disability in violation of the California Fair Employment and Housing Act ("FEHA"), (2) violation of the California Family Rights Act ("CFRA"), (3) harassment based on physical disability in violation of FEHA, (4) failure to accommodate physical disability in violation of FEHA, (5) failure to engage in the interactive process in violation of FEHA, (6) failure to prevent discrimination and harassment in violation of FEHA, (7) retaliation in violation of FEHA, (8) retaliation in violation of California Labor Code § 1102.5, and (9) wrongful termination in violation of public policy.  Dkt. 1-1 at 2.[1]  Plaintiff asserted all causes of action against State Farm but asserted only the third cause of action against Barker.  On March 4, 2022, Plaintiff filed the operative First Amended Complaint ("FAC"), asserting the same claims against State Farm and Barker.  *Id.* at 31.[2]

On April 15, 2022, State Farm removed the action to this court, pursuant to the court's diversity jurisdiction.  Dkt. 1.  On May 30, 2022, the parties filed a joint stipulation voluntarily dismissing Barker from the action.  Dkt. 14.  On June 6, 2022,

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers listed natively.

[2] The Complaint and FAC name as Defendants both State Farm Automobile and State Farm General.  Dkt. 31 at 2, 31.  On April 14, 2022, State Farm Automobile alone filed an Answer to the FAC.  Dkt. 1-2 at 2.  In their oppositions to Plaintiff's Motions, Defendants state they notified Plaintiff on March 9, 2022, that Plaintiff had not been employed by State Farm General.  Dkt. 24 at 2 n. 1; Dkt. 25 at 2 n. 1.  Plaintiff does not dispute this statement (*see* Dkt. 26) or refer to State Farm General in his Motions (*see* Dkt. 20 at 6; *see generally* Dkt. 19).  Accordingly, the court ORDERS the parties to show cause in writing why the court should not either dismiss State Farm General from this action or enter its default.  The parties are ORDERED to meet and confer on this issue and to submit a joint statement, which is not to exceed 10 pages, within 14 days of this Order.

the court approved the stipulation and dismissed Barker from the action without prejudice. Dkt. 16.

On September 27, 2022, Plaintiff filed the subject Motion to Amend, requesting leave to reassert the third cause of action for harassment in violation of the FEHA against Barker and assert a tenth cause of action for intentional infliction of emotional distress ("IIED") against State Farm and Barker. Dkt. 20. If the Motion to Amend is granted, Plaintiff requests the court remand the action to the Los Angeles County Superior Court for lack of complete diversity. Dkt. 19. Defendants oppose both Motions. Dkts. 24, 25.

## **MOTION TO AMEND**

### **I.     Legal Standard**

Although the Ninth Circuit has not explicitly addressed this issue, district courts in this circuit have held that motions to add a diversity-destroying party after removal are governed by 28 U.S.C. § 1447(e) ("Section 1447(e)"), rather than Fed. R. Civ. P. 15(a) ("Rule 15(a)"). *Sagrero v. Bergen Shippers Corp.*, Case No. 2:22-cv-04535-SPG (RAOx), 2022 WL 4397527, at *2 (C.D. Cal. Sept. 23, 2022) ("Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." (internal quotation marks omitted)); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086–88 (C.D. Cal. 1999) ("Rule 15(a) does not apply to allow permissive amendment destroying diversity jurisdiction. … [A] district court must scrutinize an attempted diversity-destroying amendment to ensure that it is proper; in other words, § 1447(e) applies."). The parties agree Section 1447(e) applies here instead of Rule 15(a). *See* Dkt. 20 at 10; Dkt. 24 at 6.

Pursuant to Section 1447(e): "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court; and will be

3

reviewed under an abuse of discretion standard." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted). "In this regard, the court has greater discretion in determining whether to allow an amendment to add a non-diverse party that would destroy existing, diversity jurisdiction, than it does under Rule 15." *Rosas v. NFI Indus.*, Case No. 2:21-cv-00046-WBS-CKD, 2021 WL 1264921, at *2 (E.D. Cal. Apr. 6, 2021) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)).

When deciding whether to permit amendment and joinder under Section 1447(e), courts consider factors including:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.

*Clinco*, 41 F. Supp. 2d at 1082. This list of factors is non-exclusive. *See Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (listing factors). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Sagrero*, 2022 WL 4397527, at *2 (quotation marks and citation omitted).

**II.     Analysis**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083 (citing *Lopez v. Gen. Motors Corp.*, 697 F. 2d 1328, 1332 (9th Cir. 1983)). Plaintiff contends the subject Motion is timely because he sought leave to amend "shortly after obtaining objective evidence establishing harassment and IIED allegations against a non-diverse defendant, Nicole Barker," and since the case is still in the early stages of litigation. Dkt. 20 at 12–13. Specifically, Plaintiff contends

State Farm produced a letter in discovery, dated November 2, 2020 (the "November 2020 Letter"), that evidences Plaintiff's claims he was terminated because State Farm and Barker believed he faked his disability. *Id.* at 13–14. Defendants respond Plaintiff was aware of all facts supporting his proposed amendment since the inception of the action and that the attorney's statement in question is neither newfound nor evidence and cannot establish grounds to support granting leave to amend. Dkt. 24 at 16. The court agrees with Defendants.

In the proposed Second Amended Complaint ("SAC"), Plaintiff seeks to allege State Farm's counsel in a related workers' compensation matter stated in the November 2020 Letter: "it is the employer's position that Mr. Montes conjured his injury following a poor performance review" which had been provided by Barker, and that "Barker inaccurately reported Plaintiff on an unapproved medical leave due to her belie[f] that he was faking his injury due to a poor performance review she provided him." Dkt. 20-1 at 18–19, ¶¶ 67–68, 70. Plaintiff, however, pleaded the same facts in the FAC. *See* Dkt. 1-1 at 37, ¶ 39 ("Defendant and Barker believed that Plaintiff was malingering and faking his injury, physical condition and need for workplace accommodations due to Barker's disciplinary action in March 2020."). It is undisputed Plaintiff was aware of the facts underlying his proposed claims against Barker when he stipulated to her dismissal from the action on May 30, 2022 (Dkt. 14). *See* Dkt. 26 at 12–13. As the November 2020 Letter was directed to Plaintiff's counsel, it is also undisputed that Plaintiff was aware of the existence and contents of the November 2020 Letter when he filed the Complaint and FAC in 2022 (*see* Dkt. 20-2 (Slatkin Decl.) at 3, ¶ 12), and when he dismissed Barker from the action voluntarily (*see* Dkt. 14).

Furthermore, State Farm Automobile's statement in 2020, that it believed Plaintiff was faking his injury after a poor performance review and his termination was proper, does not constitute evidence establishing Barker harassed or intentionally inflicted emotional distress on Plaintiff. At most, this statement establishes only State

5

Farm's stated position on the issue, as of 18 months before Plaintiff dismissed Barker from the action.

In short, Plaintiff's proposed amendment seeks to reassert his harassment claim and add an additional claim for IIED against Barker based on factual allegations pleaded in the FAC and which were known to Plaintiff before he filed the Complaint and dismissed Barker from the action voluntarily—without any explanation for why Barker should be added back to this action based on this information. Plaintiff, thus, fails to demonstrate the proposed amendment is timely.

Plaintiff further argues the court should allow leave to amend because Barker is a necessary party and to avoid a separate and redundant action against her in state court. Dkt. 20 at 11–12; Dkt. 26 at 7. As stated, however, Plaintiff was aware of both the November 2020 Letter and Barker's alleged role in the events in question when he stipulated to her dismissal from the FAC. Plaintiff's desire to reassert his disability harassment claim and add a new claim for IIED against Barker, alone, is insufficient to establish good cause for the court to allow Plaintiff to rejoin this non-diverse former Defendant.

Finally, Plaintiff contends he would be prejudiced if the court refused his request, since he would be required to pursue two substantially similar lawsuits in two different forums. Dkt. 20 at 14–15. Given that Plaintiff knew or should have known of the November 2020 Letter when he agreed to dismiss Barker from the action voluntarily, the court finds Plaintiff would not be prejudiced by denial of leave to amend.

## **CONCLUSION**

For the aforementioned reasons, the court DENIES Plaintiff's Motion to Amend (Dkt. 20) in its entirety. *See* 28 U.S.C. § 1447(e). Plaintiff moves to remand the action on the grounds that there will no longer be complete diversity between the parties if Plaintiff is granted leave to rejoin Barker to the action. Dkt. 19 at 3–4. Having denied the Motion to Amend, the court, likewise, DENIES the Motion for

Remand (Dkt. 19).

Given the uncertain status of Defendant State Farm General Insurance Company, the court ORDERS the parties to show cause in writing why the court should not either dismiss this Defendant from this action or enter its default. The parties are ORDERED to meet and confer on this issue and to submit a joint statement regarding the status of State Farm General Insurance Company within 14 days of this Order.

IT IS SO ORDERED.

Dated: September 19, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge